# Trammell *v*. Chambers County.

*Action by County, on Bond of Hirer of County Convicts.*

1. *Judicial knowledge of counties.*—In an action brought by or in the name of a county, it is not necessary to allege in the complaint that the plaintiff is a corporation, since the court takes judicial notice of the names and of the corporate character of the several counties.

2. *Damages for breach of contract; demurrer to complaint.*—For an unwarranted breach of contract, at least nominal damages are recoverable; and the extent of the recovery, in any case, can not be tested by demurrer to the complaint, but arises on the evidence, and the instructions to the jury.

3. *Contract for hire of county convicts, for longer term than authorized by law.*—A contract for the hire of county convicts, made in December, 1885, and to continue in force until January 1st, 1889, though for a longer term than allowed by law (Sess. Acts 1884-5, p. 195, § 37), is valid as to the full legal term, and void only as to the excess.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. JAMES R. DOWDELL.

Action on penal bond, assigning breaches. Demurrer to complaint, and to special pleas. Rulings on demurrer assigned as error. Facts stated in opinion.

JOHN M. CHILTON, and N. D. DENSON, for appellants, cited *State v. Metcalf*, 75 Ala. 42; *Arrington v. Morgan*, 75 Ala. 606; *Ex parte Buckalew*, 84 Ala. 460; *Ex parte Crews*, 78 Ala. 457; *Mullenv. Pacific Guano Co.*, 66 Ala. 582; *Bozeman v. Allen*, 48 Ala. 512; *Rand v. Mather*, 11 Cush. Mass. 1; Add. Contracts, Morgan's Ed., vol. 1, § 300, n. *k;* 1 Brick. Dig. 326-7, §§ 261-3.

WM. J. SAMFORD, *contra*, cited *Overton v. State*, 60 Ala. 73; *Daughtery v. Telegraph Co.*, 75 Ala. 171; *Robertson v. Hayes*, 83 Ala. 290; *Clark v. Barnard*, 108 U. S. 456; 1 Stra. 447; 52 N. H. 126; 5 Amer. & Eng. Encyc. Law, 24-27.

COLEMAN, J.—This case comes up on the record, to have reviewed certain rulings of the trial court upon the demurrer of defendants to the complaint, and the demurrer of plaintiff to special pleas of the defendants. There are about thirty assignments of error, but they are easily classified.

The suit was brought by Chambers County, to recover dam-

[Trammell v. Chambers County.]

ages for the breach of a written contract, made with the de-
fendants, for the hire of the county convicts of Chambers
county. The contract was made on the 26th day of Decem-
ber, 1885, was to take effect on the 1st day of January, 1886,
and terminate on the 1st day of January, 1889.

The first ground of demurrer is, that the complaint fails to
aver that plaintiff is a corporation. This court has judicial
knowledge of the corporate character and names of the coun-
ties of the State.—*Overton v. State*, 60 Ala. 73; Code, § 866;
*Camp v. Marion Co.*, 91 Ala. 240.

The second class are those which are directed against the
failure of the complaint to state the names of the different
convicts, the date of conviction, term and expiration of sen-
tence, and for what county they were sentenced. It is enough
to say, without considering each ground of demurrer under
this head, that the fifth count of the complaint was so amended
as to cure all defects, if there were any, and which is not de-
cided, raised or suggested by the demurrer to this count.

The third class are those which assert the proposition, that
the complaint must aver not only a breach, but further show
wherein and how damage resulted to plaintiff from a breach of
the contract. Every breach assigned is based upon some cov-
enant contained in the written contract. Whenever there is
an unwarranted breach of contract, some damages are recov-
erable, at least nominal damages; and it is well settled, if any-
thing is recoverable, the way to test the extent of the recovery
is not by demurrer. The amount of the recovery is controlled
and restricted by the exclusion of improper evidence, and by
charges to the jury.—*Daughtery v. Am. Un. Tel. Co.*, 75 Ala.
171. The rule declared in the foregoing authority is based
upon sound principles of law and of pleading, and disposes of
very many of the grounds of demurrer.

This brings us to the consideration of the fourth and last
class. The complaint avers that the contract was executed on
the 26th day of December, 1885, and was to continue in force
until the 1st day of January, 1889. The statute under which
the contract was made has the following provision : "§ 37. *Be
it further enacted*, that no contract shall be made previous
to the first day of March, 1887, to continue longer than the
first day of January, 1888." The statute clearly authorized
the making of a contract for the hire of convicts as agricul-
tural laborers. The validity of the contract itself depends
upon the construction and effect of this section of the statute.
The demurrer attacks the validity of the contract as an entirety.
None of the grounds of demurrer are directed to any breach
of the contract which occurred, if we could presume from the

[Trammell v. Chambers County.]

averment of the complaint that any did occur, after January 1st, 1888; and there is no plea setting up facts which raise that question. If, therefore, the contract was authorized and valid from the time of its execution to January 1st, 1888, the duration limited by statute, then the demurrer was not well taken. The statute does not declare a contract which by its terms is to continue longer than the first day of January, 1888, to be void.

Section 1836, Code of 1886, is as follows: "No leasehold estate can be created for a longer term than twenty years." Construing this section in *Robertson v. Hayes*, 83 Ala. 290, this court held, that "when an estate is created, vesting in possession, and there are annexed to it restraints and limitations not allowed by law, only the restraints and limitations are void.; . . . that when there is affirmative power to lease for a specified term, a lease exceeding the term is void; but when there is a prescribed number of years, the lease, though for a term exceeding the prescribed limit, will stand good for the term authorized by the power. The language, that 'no leasehold can be created for a longer term than twenty years,' is equivalent to the declaration that a lease shall not be valid for a longer term than twenty years." In such cases, it was said in the same authority, the statute draws the boundary line, separating the legal from the illegal parts, and leaves it to stand good for the term for which the lessor had authority to create the leasehold estate. The lease, being void only because of the limitation upon the general authority, is void only as to the excess.

We have quoted largely from this opinion, because of its applicability to the question before us. The statute, § 37, *supra*, provides that no contract shall be made to continue longer than the first day of January, 1888. Applying the principles of law decided in *Robertson v. Hayes*, we hold the contract is not void *in toto*, and if void to any extent, it is only as to the time after January 1st, 1888. The contract was revoked and terminated by an order of the commissioners court before that time. Its power to revoke the contract is not controverted.

All the rulings of the trial court are in conformity to these principles, and must be affirmed.