157 So. 214

## TROY LAUNDRY MACH. CO. v. JOYCE.

### 6 Div. 587.

Supreme Court of Alabama.
Oct. 18, 1934.

332

Chas. A. Calhoun and Harvey M. Emerson, both of Birmingham, for appellant.

Vassar L. Allen, of Birmingham, for appellee.

FOSTER, Justice.

This is an action on an account by appellant against appellee. Only one item in the account was disputed, and no controversy appears on this appeal in respect to it.

The matters of material dispute are in respect to a counterclaim set up by appellee in special pleas A and B. Plea A sets up the claim as a set-off. Plea B offers to set-off and recoup it against the demands of plaintiff.

The subject-matter of the pleas did not grow out of the account set up in the complaint nor out of the contract by which the account arose. The pleas are therefore to be classed as in set-off, regardless of the classification which they undertake to assert for themselves. Fidelity-Phenix Fire Ins. Co. v. Murphy, 226 Ala. 226, 146 So. 387.

Demurrer to them was overruled by the court, and the ruling is here assigned for error and insisted on by appellant. The demurrer seems to be predicated upon the idea that the pleas claim damages for deceit in the sale of certain machines (not items of the account sued on), and that since they are not matters of recoupment, they cannot be set off because they claim damages which are not measured by a legal standard. But the pleas do not set up a claim in deceit, but seem to be predicated upon a breach of an implied warranty by plaintiff, as a manufacturer of the articles,

that they are reasonably adapted to the purpose for which they are known to be bought by defendant. The demurrer does not point out any insufficiency of averment as a claim of set-off on that account.

■ For a breach of warranty, expressed or implied in the sale of chattels, as for deceit, the purchaser may retain the goods and claim damages for the breach (or the fraud), or may rescind the sale and recover the price paid. Gen. Acts 1931, p. 588, § 69; Fairbanks, Morse & Co. v. Dees, 220 Ala. 41, 126 So. 624; Gorman-Gammill Seed & Dairy Supply Co. v. Carlisle, 220 Ala. 116, 124 So. 288. He has an election of remedies, which are inconsistent. If he rescinds he must do so in a reasonable time, and can only use the machine for reasonable experiment to determine if it is such as was warranted. His use after such reasonable time ordinarily deprives him of the right to rescind, and his remedy then is a claim in damages for the breach of warranty. Gorman-Gammill Seed & Dairy Supply Co. v. Carlisle, supra; Gen. Acts 1931, supra.

■■ Pleas in set-off which claim damages for the breach of warranty are available to defendant in an action on account not connected with their subject-matter, since the law furnishes the standard for measuring the damages. If no special damages are properly claimed, the measure of damages is the difference between the value of the article sold as it then existed and the amount of its value had it been as warranted. Gen. Acts 1931, pp. 588, 589, § 69 (7). It is not necessary specially to claim that as the damages, since the law so specifies. That is classed as general rather than special damages. 17 Corpus Juris, 1001, § 305; King L. & I. Co. v. Bowen, 7 Ala. App. 463 (11), at page 480, 61 So. 22.

■ The pleas make claim for certain special damages, but no sufficient proof of them was made, and the court directed the jury to disregard them. The pleas were not subject to the demurrer on any ground assigned.

■ The evidence tends to show that defendant used the machines for some purposes, not for those for which they were bought, and that they were not adapted to those purposes for which they were bought. There was sharp conflict in this evidence. The court very properly left the question to the jury, and their verdict was not contrary to the great weight of the evidence.

■ There was no evidence which expressed in dollars the difference in the value of the machines and the amount of their value had they been adapted to the uses for which they were purchased. But it was such that the jury could find that they had a value for some purposes, and were in fact useful and used for those purposes. The measure of damages is not the purchase price.

■ The court did not clearly submit to the jury the proper measure of damages, nor was a charge requested by either party that he do so. There is no ruling or charge of the court in this respect which was prejudicial to appellant. The motion for a new trial does not specify any such claim.

■ Since the jury accepted the theory that there was a breach of an implied warranty, and since they could have reasonably found that there was a material difference in the value of the machines if they had been adapted to the purpose for which they were bought and their value when not so adapted, there was the basis for a substantial allowance to defendant on his pleas in set-off. To justify us in reversing the judgment because the evidence may not have shown a definite amount in dollars of such difference, there must be a ruling of the court which presents the question, and which is the basis of an exception and assignment of error. None such appears.

The refused and given charges assigned do not show reversible error, and none otherwise is pointed out.

Affirmed.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.