36 So.2d 594

## LAMBERT v. JEFFERSON.
### 5 Div. 451.

Supreme Court of Alabama.
June 24, 1948.

6

Jacob A. Walker and R. C. Smith, both of Opelika, for petitioner.

Denson & Denson and L. J. Tyner, all of Opelika, opposed.

FOSTER, Justice.

The Court of Appeals held that the sixth plea was subject to demurrer, because it was not sufficient in respect to the damage claimed, and because "no facts tending to show a breach were set forth."

The complaint was in a common count for work and labor done. The sixth plea was one of recoupment, for that in respect to the contract for labor sued on plaintiff verbally agreed, as a feature of his work for defendant as sales manager, to perform the duties usual and proper in such employment and to conduct said business as sales manager in a careful skillful and diligent manner; and the plaintiff breached his contract in that he did not perform the duties usual and proper in such employment, and did not conduct said business in a careful, skillful and diligent manner, but neglected his duties and conducted said business in a careless, unskillful and dilatory manner to defendant's damage in the sum of $2127.28, which he offers to recoup, and claims judgment for the excess. In a broad way such a claim is well supported. 39 Corpus Juris 134, section 178.

It is true, as stated by the Court of Appeals, that in a plea of recoupment the claim for damages should be as certain as if it were an original action by defendant against plaintiff. But in that connection we have also stated the rule to be that if no special damages are properly claimed, the measure of damages is that applicable to general damages. It is not necessary to make special claim for general damages. The rule is clearly stated in King Land & Improvement Co. v. Bowen, 7 Ala.App. 462, 463, at page 480, 61 So. 22, 28, to be that "general damages are such as naturally and necessarily flow from the wrong act; while special damages are such as naturally, but do not necessarily flow from it. The former do not have to be pleaded in order to give defendant notice that they will be proved at the trial; for they are implied by law, and he is supposed to know, and can prepare to defend as to, all damages that necessarily result

from the wrong done. Special damages, however, do have to be set out and claimed in the complaint to the end that the defendant, who could not possibly in all cases anticipate them, may have proper notice of them, and thereby have opportunity to prepare to meet at the trial the proof as to them."

In Donnell v. Jones, 13 Ala. 490, 500, 48 Am.Dec. 59, it is said that "the declaration is good without the averment of special damages as the law implies nominal damages from the act complained of, but this does not authorize proof of special damage." This was approved in Lewis v. Paull, 42 Ala. 136, where a claim for general damages is illustrated. The averment of special damage is not necessary to support a count against demurrer, but only necessary to support evidence of that sort of damage. Troy Laundry Mach. Co. v. Joyce, 229 Ala. 331, 157 So. 214; 25 Corpus Juris Secundum, Damages, § 131(b), page 752; Trammell v. Chambers County, 93 Ala. 388, 9 So. 815.

We do not think that plea six is subject to demurrer on account of uncertainty in the allegation as to damages claimed.

The Court of Appeals also stated that the breach of the contract was not sufficiently alleged in omitting the facts tending to show a breach.

The general rule in that connection is that no great particularity is required in describing the breach of a contract, but the essential facts constituting the obligation should be set forth in unequivocal terms, and the breach be assigned with such particularity as will apprise the defendant in what respect he has failed to perform. All that is required is that the breach complained of be substantially set forth. But general averments without giving the nature or character of the breach may not be sufficient as defendant must be informed as to how or wherein he breached the contract. 17 Corpus Juris Secundum, Contracts § 544, page 1177; Woodward Iron Co. v. Frazier, 190 Ala. 305, 67 So. 430; Hart v. Bludworth, 49 Ala. 218.

Plea six is for damages reciting the existence of a contract and the duties assumed by plaintiff to be that he would perform the duties usual and proper in such business in such employment and to conduct said business as sales manager in a careful, skillful and diligent manner. The breach of this contract is stated by using the language of the contract in making declaration of such breach by a failure "to perform the duties usual and proper in such employment, and did not conduct said business in a careful, diligent and skillful manner."

This plea is clearly one ex contractu for the breach of contract, and not ex delicto for the negligent performance of a contract. For the negligent performance of a contract, the count may be either ex contractu or ex delicto. Adler v. Miller, 218 Ala. 674, 120 So. 153; Davis & Son v. Ruple, 222 Ala. 52, 130 So. 772; Mobile Life Ins. Co. v. Randall, 74 Ala. 170.

We have observed the rule as to both ex contractu and ex delicto actions, that when the facts show the relation of the parties and the duty in the premises a breach may be pleaded by way of conclusion. Pure Oil Co. v. Cooper, 248 Ala. 58, 26 So.2d 249; Louisville & Nashville R. Co. v. Robinson, 213 Ala. 522, 105 So. 874; Alabama Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 So. 541, and a long line of cases there cited. But a distinction is to be drawn from an allegation which declares on the negligent performance of a duty which may be alleged in such general terms, and the "failure to perform the duties usual and proper in such employment." The latter allegation does not apprise plaintiff of the duties thought to have been left undone. An illustration of such allegations of breach is found in Worthington v. Davis, 208 Ala. 600, 94 So. 806, cited by the Court of Appeals, which we think supports the conclusion of the Court of Appeals as to that aspect of plea six, which alleges a failure to perform.

But the plea also alleges that plaintiff "conducted said business in a careless, unskillful and dilatory manner." In respect to the negligent performance of a duty, the quo modo of negligence need not be alleged. That feature of the plea in

substance charges negligent performance, as a breach of the contract in a count which alleges that plaintiff agreed to "conduct said business as sales manager in a careful, skillful and diligent manner," to the defendant's damage sought to be recouped. There were two breaches, but each was of a separate stipulation of the contract as alleged, and therefore not duplicitous. Nave v. Berry, 22 Ala. 382; Worthington v. Davis, supra; Western Union Tel. Co. v. Barbour, 206 Ala. 129, 89 So. 299, 17 A. L.R. 103.

In the last named case, the Court was dealing with implied obligations, holding that there may be two or more obligations of a contract express or implied, set up in a single count with a single breach of each obligation: one may be alleged defectively and one properly. When so, a demurrer addressed to the count as a whole cannot be sustained. In that case, count two alleged two distinct implied obligations of a contract, with a separate allegation of the breach of each. One was the duty to deliver the message promptly. The breach alleged was but a failure to do so. The second charge was that defendant negligently failed to inform plaintiff of its inability to transmit and deliver the message said to be the breach of a separate and distinct obligation. The count was treated as though this duty was defectively stated (not its breach). But the count as a whole was held not subject to demurrer, citing Watt's Ex'rs v. Sheppard, 2 Ala. 425; 13 Corpus Juris, § 868 page 733; 17 C.J.S., Contracts, § 545; See, also, Worthington v. Gwin, 119 Ala. 44, at page 51, 24 So. 739, 43 L.R.A. 382; Fike v. Stratton, 174 Ala. 541, 561, 56 So. 929. Those authorities support the view there taken by this Court in Western Union Tel. Co. v. Barbour, supra, that the demurrer should be addressed separately to the defective assignment in the count.

■ We think the breach in plea six for a failure to perform the duties usual and proper in such employment is defective under Worthington v. Davis, supra, but that he conducted said business in a careless, unskillful and dilatory manner is a sufficient allegation of negligence, and is preceded by an allegation in the count properly alleging the existence of a duty not to do so. The demurrer is addressed to the plea as a whole. It should have been overruled.

■ When the demurrer to plea six was sustained, defendant filed pleas seven and eight, which set up some nine or ten allegations of expressed or implied obligation by plaintiff in the performance of his duties, and an allegation that each such obligation was breached by stating its breach in the terms of the alleged obligation. If some of those breaches were stated in terms too general, and should have given more detail to apprise the plaintiff of the nature of the breach relied on, they were not all of that sort, and the plea as a whole was not demurrable on that ground. Upon the authority of Worthington v. Davis, supra, the Court of Appeals held the plea duplicitous. But, as pointed out in that case and in Western Union Tel. Co. v. Barbour, supra, and in Nave v. Berry, supra, a complaint (or a plea of recoupment) is not duplicitous for alleging numerous breaches of a contract in a single count if a distinct obligation is shown as to each such breach. That is the status of plea seven. Moreover, if any one such breach is not preceded by a sufficient allegation of obligation thus breached, or if a breach is insufficiently alleged, whereas another is sufficiently alleged, the count as a whole is not thereby rendered subject to demurrer. Western Union Tel. Co. v. Barbour, supra. The demurrer being addressed to the plea as a whole should have been overruled, assuming that some of the breaches alleged were too vague and indefinite.

The Court of Appeals does not deal with the matter of injury in such rulings by reason of other possible pleas which present the same questions. We will not do so, but it should be considered by the Court of Appeals on a remand of the cause.

■ The opinion of the Court of Appeals shows a conflict in the evidence of plaintiff and defendant as to the terms of employment. Plaintiff says that he was to receive, besides the weekly stipulated sum, *a commission equal to ten percent of the overall or gross sales.* Defendant says that the ten percent commission was to be

of the *net profits of the business to be paid at the end of the year* when an inventory was to be taken and the books audited, if such profit was found to have been made. Plaintiff served from January 3, 1946, to June 15, 1946, when he resigned at the request of defendant, and demanded his commission to that date. This lawsuit is for that claim. Defendant had a public accountant to examine the books for the period of such employment to find out if any profit had been made during that time, and was permitted to testify over plaintiff's objection that there was a loss sustained by the defendant during plaintiff's employment.

But the court sustained plaintiff's objection to his audit and his testimony that the amount of the loss was $2127.28, on the ground, among others, that such loss was not shown to have been the proximate result of plaintiff's derelictions as charged in the pleas of recoupment and setoff. It was not so much a question of whether there could be a recovery of profits which might have been earned had the contract been performed, and were not earned on account of the breach, but whether certain ascertainable losses were attributable to the faults of plaintiff during his employment. (Such loss of profits was not claimed specially in the pleas.)

We think the opinion of the Court of Appeals correctly held that such evidence was not admissible on the pleas of recoupment and setoff because there were so many other proven factors which were influential for which plaintiff was not responsible, that it would be merely conjectural to say to what extent plaintiff's faults were responsible. . The only material evidence of this witness in that connection was that there was a loss. The amount of that loss, no definite part of which was claimed to be attributable to plaintiff, was not admissible.

And such amount of loss was not admissible on the plea of the general issue. We have shown the nature of the dispute as to the contract; whether the commission was on gross sales or net profits. The evidence was not admissible on the dispute as to

what was the contract. If the contract was as defendant claims (a commission on the net profits), even so plaintiff could recover on his common count, if there were net profits. So that when defendant offered proof that such was the contract, it was relevant for defendant to show that there were no profits, though the burden would be on plaintiff to show that there were net profits if defendant's contention as to the terms of the contract be found true by the jury. But plaintiff made no such proof, and there was no conflict in the evidence so far as manifested by the opinion of the Court of Appeals or in argument of counsel as to whether or not there were net profits earned in that period. In the absence of such conflict, it was not error for the court to sustain objection to the evidence of the accountant of what was the amount of the loss.

Moreover, if the commission was, by the contract, to be computed on the profits and not on the sales, plaintiff could not recover without showing that there were net profits and the amount of them. In the absence of such effort by plaintiff, evidence offered by defendant that there were no profits could have been excluded without injury to defendant in that connection.

We do not consider that feature of defendant's contention that under the contract the profits were to be computed at the end of the year, and the effect of that feature of it on the questions, since no contention based on it is made.

We think the Court of Appeals was in error in holding that the demurrer to pleas six, seven and eight (eight was similar to seven), each separately, was properly sustained, but was not in error in holding that the trial court properly excluded the evidence of Whatley as to the amount of the defendant's loss during the period of plaintiff's employment.

The cause is reversed and remanded to the Court of Appeals.

Reversed and remanded.

All the Justices concur.