84 So.2d 760

**Curtis MIXON**

v.

**W. L. TRAWICK.**

**4 Div. 845.**

Supreme Court of Alabama.

Jan. 19, 1956.

J. Hubert Farmer, Dothan, for appellant.

Halstead & Whiddon, Headland, for appellee.

**84**

STAKELY, Justice.

This is a suit instituted by Curtis Mixon (appellant) against W. L. Trawick (appellee) for $2,000 as damages for the alleged breach of a contract of purchase and sale of six Duroc Jersey gilts. The complaint as originally filed consisted of one count to which demurrer was sustained. When the demurrer to count one was sustained, count two was filed to which demurrer was sustained. When the demurrer to count two was sustained, count three was filed and when the demurrer to count three was sustained count four was filed. When the demurrer to count four was sustained, the plaintiff took a nonsuit. This appeal is brought here under the provisions of § 819,

Title 7, Code of 1940 and it appears from the judgment that the nonsuit was superinduced by the cumulative rulings of the court.

The allegations of count one show in substance the following. On towit November 22, 1952, the plaintiff purchased from the defendant six Duroc Jersey gilts, three of which defendant at the time stated to plaintiff had been bred to a registered Duroc Jersey boar, one of which the defendant stated to plaintiff at the time he thought had been bred to a registered Duroc Jersey boar and the other two of which defendant stated to plaintiff at the time had not been bred to a boar of any kind. Plaintiff paid to defendant as the purchase price for the aforesaid six gilts the sum of $525. Of this amount he paid $300 for the three bred gilts and $225 for the other three gilts. At the time of the sale defendant represented to plaintiff that all six gilts were purebred Duroc Jersey hogs and that they were eligible for registration as such with the United Duroc Record Association of Peoria, Illinois, which association is the authorized, recognized association for the registration of any and all purebred Duroc Jersey hogs in the United States. As a part of the consideration of the sale of the aforesaid six gilts, the defendant contracted and agreed at the time of such sale that he would forthwith register or cause to be registered with the aforesaid Association as purebred Duroc Jersey hogs, the six aforesaid gilts.

Notwithstanding the agreement and contract of the defendant as aforesaid, defendant declined, failed or refused to register or cause to be registered the aforesaid six gilts and as a proximate consequence of defendant's failure or refusal to so register the aforesaid gilts, plaintiff has been damaged in said sum in this.

Four of the aforesaid gilts had been bred at the time of the sale by defendant, as aforesaid, and said four gilts farrowed a litter of pigs each in the spring of 1953 and of these litters, forty head of hogs were raised by plaintiff to gilt size. As such gilts he could have sold them as purebred Duroc Jersey hogs had their mothers been registered by defendant as contracted for

and agreed upon as aforesaid. As it was, however, he had to sell the aforesaid forty head of hogs as meat hogs in the fall of 1953 at a price of towit $50 per head less than the price he could have sold them for as registered gilts, that the price at which he did sell the aforesaid head of hogs was the reasonable market price for meat hogs at the time that they were sold.

Count two contains allegations substantially similar to the allegations of count one. Count three contains allegations substantially similar to the allegations of count one, except that there is added thereto the following: "Plaintiff further alleges that at the time he purchased said hogs from the defendant as aforesaid, he, the said plaintiff was engaged in the business of raising and selling purebred Duroc Jersey hogs for breading purposes, as well known to the defendant at such time."

Count four of the complaint is substantially similar to count one of the complaint except that there is added thereto the following: "Plaintiff further alleges that at the time he purchased said hogs from the defendant as aforesaid, he, the said plaintiff was engaged in the business of raising and selling purebred Duroc Jersey hogs for breeding purposes, as well known to the defendant at such time; and the plaintiff purchased said four gilts from the defendant for the purpose of selling their increase as purebred Duroc Jersey hogs, as was well known to the defendant at such time, wherefore he brings this suit."

The questions for decision are whether the demurrer should have been sustained to the foregoing counts respectively. To arrive at a correct conclusion the difference between pleading general or nominal damages and pleading special damages should be carefully considered. We say this because much of the argument of counsel turns on the sufficiency of the allegations to justify recovery of lost profits when the hogs were sold as meat hogs rather than as the increase of registered hogs. In this connection it should be noted that there is no allegation that the seller (the defendant) at the time of the original sale knew that the buyer (the plaintiff) had an existing contract for resale of the increase, the hogs having been bred at the time of the sale. We refer to the principles stated in Penn & Co. v. Smith, 104 Ala. 445, 18 So. 38, 39, where among other things it was said: "* * * The recovery of such profits depends, however, on the existence of the contract of resale at the time of the purchase, and the fact that it was made known to the vendors. * * * The vendors may have known the vendees were engaged in the business of selling flour, and had the general intention of resale, but it cannot be supposed that it was in the contemplation of either party that the vendors should be drawn into a liability for the losses resulting from the failure of the future operations of the vendees in the ordinary course of the business in which they were engaged."

Coming back to the question which we must settle, it is not necessary to make special claim for general damages. In Lambert v. Jefferson, 251 Ala. 5, 36 So.2d 594, 596, cited with approval in Waters v. Weintraub, 255 Ala. 530, 52 So.2d 510, quoting from King Land & Improvement Co. v. Bowen, 7 Ala.App. 462, at page 480, 61 So. 22, at page 28, the rule was stated to be that, " 'general damages are such as naturally and necessarily flow from the wrong act; while special damages are such as naturally, but do not necessarily flow from it. The former do not have to be pleaded in order to give defendant notice that they will be proved at the trial; for they are implied by law, and he is supposed to know, and can prepare to defend as to, all damages that necessarily result from the wrong done. Special damages, however, do have to be set out and claimed in the complaint to the end that the defendant, who could not possibly in all cases anticipate them, may have proper notice of them, and thereby have opportunity to prepare to meet at the trial the proof as to them.'

"In Donnell v. Jones, 13 Ala. 490, 500, 48 Am.Dec. 59, it is said that 'the declaration is good without the averment of special damages as the law implies nominal damages from the act complained of, but this does not authorize proof of special damage.' This was approved in Lewis v. Paull, 42 Ala. 136, where a claim for general damages

86

is illustrated. The averment of special damage is not necessary to support a count against demurrer, but only necessary to support evidence of that sort of damage. * * *"

As against demurrer each of the counts stated a cause of action for general damages or nominal damages and the demurrer to each count should have been overruled. The general damages, if any, would be the difference between the market value of the six unregistered gilts and what would have been the value of the gilts as registered stock at the time of the breach of the contract. Cato v. Williamson, 209 Ala. 477, 96 So. 321. As to the claim for special damages, demurrer is not the proper way to attack such claim. Such an attack should be either by motion to strike the measure of damages, objections to evidence seeking to support the claim or special charges requested from the court. Treadwell v. Tillis, 108 Ala. 262, 18 So. 886.

It results that the judgment is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.