232 So.2d 676

**L. J. SHIVER**

**v.**

**James Wilson BARROW.**

**1 Div. 17.**

Court of Civil Appeals of Alabama.

March 4, 1970.

Chason, Stone & Chason, and Eberhard E. Ball, Bay Minette, for appellant.

Wilters & Brantley, Bay Minette, for appellee.

WRIGHT, Judge.

This case comes on appeal from a judgment in the Circuit Court of Baldwin County, Alabama.

Plaintiff, appellee, James Wilson Barrow, filed suit in assumpsit against L. J. Shiver, based on a contract for the construction of a house at Spanish Fort, Baldwin County, Alabama. The alleged breach of the contract consisted of the failure of appellant to construct the house in a workmanlike manner.

The complaint was originally filed on October 20, 1967. The house was completed and occupied by appellee in the latter part of 1966. The amount claimed as damages originally was $5,000, which was amended in March, 1969, to a claim for $12,000. To the complaint, appellant filed plea of the general issue, failure of appellee to pay full consideration and recoupment for work and labor for $2,000.

Upon trial by jury, verdict was returned for plaintiff-appellee in the amount of $7,000, and for defendant-appellant on his plea of recoupment in the amount of $300. Judgment in accordance with the verdict was entered. Motion for new trial filed by appellant was denied, and this appeal followed on September 15, 1969.

Appellant has filed three assignments of error. Assignment of error 1 charges error in the trial court's denial of a motion for a new trial.

The motion contained eight grounds, all of which were predicated upon the premise that the verdict of the jury was contrary to the law and evidence, and was excessive as a result of bias, passion and prejudice against the defendant.

The effect of assignment 1 is to present as a separate assignment of error every ground stated in the motion for new trial. Therefore, the grounds set out in the motion must undergo scrutiny on review as if they were actually assignments of error. Their sufficiency to require review must be determined. They must specify the precise error alleged to have occurred, and must be properly argued. Allred v. Dobbs, 280 Ala. 159, 190 So.2d 712; General Finance Corp. v. Bradwell, 279 Ala. 437, 186 So.2d 150; Danley v. Marshall Lumber and Mill Co., 277 Ala. 551, 173 So.2d 94.

■ The grounds of the motion for new trial filed by appellant in this case are utterly general and totally insufficient to advise the trial court of any error it had committed, and thus fails to supply this Court on review with any information as to error in the court below. The ground that the jury's verdict was contrary to the law presents nothing for review. Allred v. Dobbs, supra; General Finance Corp. v. Bradwell, supra; Grimes v. Jackson, 263 Ala. 22, 82 So.2d 315.

The only grounds in the motion for a new trial which are possibly sufficient for review here, are those which allege the verdict of the jury is contrary to the facts and is excessive. Though questionable as to right of review, we will consider the evidence as to its insufficiency to support the verdict, and whether the verdict was excessive.

Briefly, the evidence was, though in conflict, that the appellant built appellee a house; that appellee moved into the house, and shortly thereafter defects began to appear. The plumbing leaked, resulting in damage to floors and ceilings. The hot water heater was hooked up wrong and would not function. The wiring was insufficient, in that circuits were overloaded, junction and terminal boxes were not covered or attached. The main beam in the family room was improperly trussed and was insufficient size to provide support for ceiling and roof. As a result, the ceiling cracked, the roof sagged, and supports were placed to provide additional support. Floor and bathroom tile broke and came loose. Various other defects appeared.

These defects had developed over the period of time since construction, and were getting progressively worse. It was stated that appellant had been advised of some of these problems, but had done nothing.

Appellee's witness stated that it would require from eight to twelve thousand dollars to repair the defects, which in his opinion, as a builder of twenty-five years

experience, were due to unworkmanlike construction.

■ No ground for new trial is more carefully considered than that of the insufficiency of the evidence to support the verdict. Verdicts are presumed to be correct. When the trial judge refuses to grant a new trial, that presumption is strengthened. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Allred v. Dobbs, supra.

■ On appeal, all favorable presumptions are given in favor of the verdict of the jury, and the verdict will not be disturbed unless it is plainly and manifestly unjust. Allred v. Dobbs, supra; Decker v. Hays, 282 Ala. 93, 209 So.2d 378; Fuller v. Yancey, 281 Ala. 126, 199 So.2d 666.

■ After allowing all favorable presumptions in favor of the correctness of the verdict, we fail to find it contrary to the preponderance of the evidence or manifestly unjust. There is no indication that the jury was swayed or influenced by bias, prejudice or passion.

Assignment of error 2 charges error in the admission into evidence, over objection of appellant, several photographs taken by appellee over a period of time, showing conditions then existing in the house. These were introduced to show matters resulting from the alleged poor workmanship of appellant.

■ The basis of appellant's objection at the time of introduction, and argued on appeal, was that the photographs were taken after construction of the house was completed and turned over to appellee, and therefore did not accurately portray the condition of the house at the time of completion. It is contended that from aught that appeared, appellee or someone else could have contributed to conditions shown in the photographs.

This argument is not sound and is not seriously argued in brief. Of course, the photographs did not portray the condition of the house at the time of completion and

occupancy. It is unlikely that appellee would have accepted the house had these conditions been apparent. The purpose of introducing them was to show defects which had developed and appeared since construction, and which were presumably latent at that time. If the conditions shown by the photographs were not the result of the poor workmanship of appellant, or were caused or contributed to by acts of appellee, such was subject to be established by voir dire or cross-examination, or by counter-evidence by appellant. The propositions of law and authorities cited by appellant in support of this assignment of error are valid, but not applicable to this case. There was no error in admission of the photographs over objection of appellant on the ground assigned.

Assignment of error 3 is addressed to the admission of evidence as to damages to the house resulting from leaky plumbing. Appellant contends that the complaint charged only faulty plumbing that leaked, and did not charge damages resulting from such leaky plumbing.

The propositions of law supporting this assignment are (a) that damages not claimed are not recoverable, and (b) special damages have to be set out and claimed in the complaint so that the defendant, who could not anticipate them, might have proper notice and opportunity to prepare to meet their proof at trial.

■ The rule as to recoverable damages in an action for breach of contract is— damages recoverable are such as are the natural and proximate consequences of the breach, and such as may reasonably have been contemplated by the parties as the probable result of the breach. Winslett v. Rice, 272 Ala. 25, 128 So.2d 94; Mixon v. Trawick, 264 Ala. 82, 84 So.2d 760.

■ There can be no question but that there was a right of recovery for damages resulting from leaky plumbing, when the leaky plumbing was due to the failure of appellant to perform his contract in a workmanlike manner. Taylor v. Lunsford, 26 Ala.App. 127, 154 So. 608.

■ The gravamen of appellant's position under this assignment of error appears to be that the proof of damage to the floor and ceiling resulting from the leaky plumbing, were special damages rather than general, and must be pleaded specifically before proof is admissible. He contends that the only proof admissible under the allegations of the complaint as to damages from leaking plumbing, would be the cost of repairing the plumbing. It appears to us, that this proposition is as leaky as appellee's plumbing.

The complaint charges, in this respect, as follows, " * * * The joints of the plumbing were not properly joined and they leak * * * "

Proof of damages to the house resulting from the leaking, flows naturally and reasonably from the charged fact of a leak. This constitutes general damages reasonably within the contemplation of the parties to the contract, in our opinion, and we so hold.

The authority of Crommelin v. Montgomery Independent Telecasters, Inc., 280 Ala. 391, 194 So.2d 548, cited by appellant is not applicable to the matter under consideration here. In the *Crommelin* case there was testimony of "how much other damages" plaintiff suffered resulting from an alleged breach of contract, without any allegation in the complaint specifying the nature or extent of such damages.

In this case, when appellant was charged with failing to perform in a workmanlike manner, and a portion of such failure consisted of not properly joining joints in the plumbing causing them to leak, he cannot be heard to claim surprise when proof is offered to show damage resulting from the leak.

We find no merit in the assignments of error. The judgment of the trial court is affirmed.

Affirmed.