WRIGHT, Presiding Judge.
Plaintiffs brought action for breach of contract for failure to construct a house in a good and workman-like manner and for breach of an express warranty. Judgment was for plaintiff. Defendants appeal. We affirm.
The evidence was that plaintiffs purchased a newly constructed home from defendants in July 1973. Defendants admit in their answer that there was an express warranty covering defects in the home for one year.[1] After purchasing and moving into the house, plaintiffs assert that many defects appeared, such as water leaking into the basement, leaking plumbing, warped doors, mildewed walls and leaks in the roof. Cost of repairing the 16 defects noted was estimated to be over $2,000. Judgment was granted for $1,428.16.
Defendant’s first issue on appeal is that the sale was controlled by the principle of caveat emptor. We fail to see how that principle is applicable in this case. This action, so far as we can determine, was not brought upon an implied warranty of fit *599 ness, but upon breach of contract and an express warranty.[2] Defendants cite the recent case of Cashion v. Ahmodi, 345 So.2d 268 (Ala.1977) as support for the issue. Our study of that case discloses no similarity to any issue raised by this ease. The cause of action in Cashion was one for fraud and deceit and not for breach of warranty. Even if the action here were for breach of an implied warranty of workmanship and habitability, the principle of caveat emptor was removed as a defense in such cases by the holding of this court and of the Supreme Court in the case of Cochran v. Keeton, 47 Ala.App. 194, 252 So.2d 307, aff’d on cert. 287 Ala. 439, 252 So.2d 313 (1972).
Defendant next contends that by moving in, accepting the house and signing a statement that no defects were noted, plaintiff waived defective performance. That is not the law. Mere acceptance and occupation alone does not constitute a waiver. Aubrey v. Helton, 276 Ala. 134, 159 So.2d 837 (1964). Acceptance of a structure could not waive latent defects of which there was no notice. Fike v. Stratton, 174 Ala. 541, 56 So. 929 (1911). The testimony in this case was that most of the defects did not appear for several months. Whether they were latent or patent in character was a question of fact for the court sitting without a jury. We view the finding of the court as to all questions of fact with a presumption of correctness. Allred v. Dobbs, 280 Ala. 159, 190 So.2d 712 (1966). That presumption is strengthened by refusal of the trial court to grant a new trial. Shiver v. Barrow, 45 Ala.App. 495, 232 So.2d 676 (1970).
Contrary to the contention of defendants in their last issue presented, the evidence is more than sufficient to support the judgment. The judgment must stand.
AFFIRMED.
BRADLEY and HOLMES, 33., concur.

. We fail to find a copy of that warranty or any written contract containing a warranty.

. We have already noted that defendant admits there was a one-year warranty, though we are not informed by the record of its terms. Under such circumstances, we must presume that the admitted warranty was sufficient to support the action and the liability found by the court.