143 So. 464

### JOHNSTON v. WEISSINGER.
### 2 Div. 999.

Supreme Court of Alabama.
June 23, 1932.

Rehearing Denied Oct. 13, 1932.

Arthur B. Chilton, of Montgomery, and Mallory & Mallory, of Selma, for appellant.

Pettus, Fuller & Lapsley, of Selma, for appellee.

ANDERSON, C. J.

The only question argued by counsel for appellant was the failure of the trial court to grant the defendant's motion for a new trial for the reason that the verdict of the jury was contrary to the great weight of the evidence.

It was no doubt the duty of the driver of the car on the road which intersected the main highway, over which the defendant's automobile was going, to obey the stop sign, which he admitted he did not do. Section 1397 of the Code (Michie's Annotated 1928), Act 1927, p. 374 § 67. And the driver of the defendant's car no doubt had the right to assume that the driver of the other car would obey the stop signal, but this did not relieve the defendant's driver from obeying paragraph 3 of section 1397 (53), subd. (b), section 51 subd. (b) of the 1927 Highway Act, regarding the speed, and which provides: "Fifteen miles an hour when approaching within fifty feet and in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersection, he does not have a clear and uninterrupted view of such approach to such intersection and of the traffic upon all of the highways entering such intersection for a distance of two hundred feet from such intersection," etc.

The appellant does not question the fact that the defendant's car was going at over fifteen miles an hour when the collision occurred, but contends that the speed did not have to be reduced, for the reason that the view of defendant's driver for the last fifty feet was clear and unobstructed to the approach for a least two hundred feet. As to this there was quite a conflict in the evidence. Two of plaintiff's witnesses testified that the view was not clear, and one of them made the test or examination in May, the day after the collision, while the defendant introduced a witness, or witnesses, who testified that the view was clear and introduced certain photographs to show that the view was unobstructed. We have examined the photographs, and, while they disclose a slight rather than general obstruction, there is a growth of bushes on the intersecting road, the tops of which are as high or higher than an automobile, and the leaves of which in May may have prevented a clear view for the two hundred feet. Again, the photographs were taken in November, and it is a matter of common knowledge that foliage, weeds, grass, etc., are not as green in this section in November as in May. Moreover, the plaintiff's case was not entirely dependent upon this fact. The complaint was in the alternative as to the negligence of the defendant or her agent or servant, and there was evidence from which the jury could infer that the defendant was aware of the dangerous approach of the other vehicle and failed to notify or caution her driver, or, if the driver was aware of said approach, he negligently failed to check or swerve the defendant's car so as to possibly avoid the collision.

At any rate, we are not prepared to say that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.