16 So.2d 799

**BELL v. NICHOLS et al.**

**2 Div. 193.**

Supreme Court of Alabama.

Feb. 24, 1944.

Pitts & Pitts, of Selma, L. C. Bell, of Tuscaloosa, John S. Tilley, Thos. B. Hill, Jr., and Wm. Inge Hill, all of Montgomery, for appellant.

Mallory, Mallory & Reeves, of Selma, and Joe M. Bonner, of Camden, for appellees.

STAKELY, Justice.

This is a suit brought by Lillie Bell, as administratrix of the estate of J. H. Bell, deceased, against O. W. Nichols and Highway Insurance Underwriters to recover damages for the death of plaintiff's decedent and damages to the automobile of decedent arising out of a collision between the car of decedent, which decedent was driving, and a truck owned by O. W. Nichols. The accident happened on the state highway between Selma and Mobile, Alabama, on December 18, 1941. The defendant, O. W. Nichols, was engaged in operating the truck as a carrier of freight under a permit issued by the Alabama Public Service Commission in accordance with the law as a common carrier. The defendant, Highway Insurance Underwriters, was the insurance carrier of the defendant O. W. Nichols, under a policy of liability insurance which was admitted to be in force and effect at the time the cause of action arose.

Trial of the case resulted in a verdict by the jury for defendants. Thereafter, the plaintiff made a motion for a new trial, which was overruled by the trial court. The only assignment of error made by appellant on this appeal is the refusal of the trial court to set aside the verdict of the jury and grant appellant's motion for a new trial. The sole question to be decided by this court is whether or not the verdict of the jury was contrary to the preponderance and weight of the evidence.

The power and duty of trial courts to set aside verdicts and grant new trials and the power of appellate courts to review and revise the ruling of the trial court in this regard has been often stated. We see no reason to re-state these well-known principles, but content ourselves with a

citation of some of the authorities in which the principles are stated. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738; Franklin Fire Insurance Co. v. Slaton, 240 Ala. 560, 200 So. 564; Pollard v. Rogers, 234 Ala. 92, 173 So. 881; Watkins v. Reinhart, 243 Ala. 243, 9 So.2d 113; Armour & Co. v. Cartledge, 234 Ala. 644, 176 So. 334.

■■ We have considered the evidence with painstaking care and have concluded that there was evidence which, if believed, authorized the verdict which was rendered. We cannot affirm that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Under all the circumstances, we do not feel authorized to reverse the judgment of the trial court in refusing a new trial. Southern R. Co. v. Kirsch, 150 Ala. 659, 43 So. 796; Gulf States Creosoting Co. v. Jones, 241 Ala. 9, 1 So.2d 379, 381.

The judgment of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.