60 So.2d 838

### MORGAN COUNTY v. HILL et al.
### 8 Div. 635.

Supreme Court of Alabama.
Oct. 9, 1952.

Julian Harris and Norman W. Harris, Decatur, for appellant.

Russell W. Lynne, Decatur, for appellee.

GOODWYN, Justice.

This is a condemnation proceeding under the provisions of Code 1940, Tit. 19, Chapter 1. By this proceeding the county seeks to acquire additional right of way for increasing U. S. Highway 31 from a two-lane to a four-lane highway.

The application for condemnation was filed originally in the Probate Court of Morgan County, where the commissioners assessed damages and compensation and, in pursuance thereof, the court made and entered an order of condemnation. The county appealed from this order to the circuit court where a jury assessed damages and compensation at $1,900, and an order of condemnation was entered thereon. It is from this final judgment that this appeal is taken.

The county filed its motion for a new trial, which was heard and refused by the circuit court.

The following statement of facts, taken from appellant's brief, is without dispute:

"D. Homer Hill owned 7.85 acres of land which fronted 1040 feet along the east side of U.S.Highway 31. The highway, as it existed before the condemnation, was a two-lane highway having a fifty foot right of way and an eighteen foot pavement. From a point near Vinemont to a point a short distance north of Hartselle it was being converted into a four-lane highway. As the condemnation affected the Hill property the existing pavement was to be used as the west, or south-bound lane, and an additional lane was to be constructed east of the existing pavement for the east, or north-bound lane of the four-lane highway. Each lane was to be a twenty-three foot pavement separated by a thirty foot grass parkway.

"The Hill property was improved with a store building or filling station, a well, a shed, a sign board, and two privys, which were situated wholly or partially on the strip of land being condemned. In addition to the permanent easement for the right of way, the application as amended sought a temporary easement to relocate the above improvements on the adjoining land. so that they would have the same relative location to the improved highway as they originally had to the existing highway, and in the application applicant undertook and agreed to relocate the same in a workmanlike manner.

"The strip of land being condemned abutted the existing right of way on its east side, was 1040 feet long and 93 feet wide and contained 2.22 acres; after the condemnation there remained to the landowner 5.65 acres with the same length frontage on the new highway."

There are four assignments of error. Assignments three and four are not argued and, therefore, must be considered as waived. Supreme Court Rule 10, Code 1940, Tit. 7, Appendix; Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974.

The first assignment of error is that the trial court erred in giving defendant's charge 2, which is as follows:

"The court charges the jury that where part of a tract is taken the owner is entitled to recover not only the market value of what is taken, but the difference between the market value of the entire tract and the market value of what is left."

The second assignment is that the trial court erred in denying appellant's motion for a new trial. The insistences on this point are (1) that it was error to give the foregoing charge, and (2) that the jury's verdict awarding damages and compensation, was excessive.

We are dealing here solely with the question of compensation and damages when only a part of a tract is condemned "for ways and rights of ways for public highways". Code 1940, Tit. 19, § 14. The applicable rule in such cases is well established: The final inquiry as to the compensation to be awarded, if any, is the difference between the value of the entire tract immediately before the taking and the value of the part of the tract remaining after the taking, giving effect to any enhancement in value of the part remaining resulting from the construction of the road. If the part remaining is worth as much as or more after completion of the project than the entire tract was worth immediately before the taking, the landowner has sustained no damage and is not entitled to any compensation. Code 1940, Tit. 19, section 14; Morgan County v. Griffith, Ala.Sup., 59 So.2d 804;[1] Rountree Farm Co. v. Morgan County, 249 Ala. 472, 31 So.2d 346; Coffee County v. Spurlin, 245 Ala. 99, 16 So.2d 12; Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186; Pickens County v. Jordan, 239 Ala. 589, 196 So. 121; Pryor v. Limestone County, 222 Ala. 621, 134 So. 17; McRea v. Marion County, 222 Ala. 511, 133 So. 278; Conecuh County v. Carter, 220 Ala. 668, 126 So. 132; Rudder v. Limestone County, 220 Ala. 485, 125 So. 670, 68 A.L.R. 776.

### Assignment of Error 1.

Appellant contends that charge 2 allows a duplication or doubling of an element entering into just compensation; that the giving of this charge was prejudicial because it "tells the jury that the defendants are entitled to the difference between the value of the entire tract and the value of the part remaining, plus the value of the portion condemned," and, therefore, "the defendants are allowed damages equal to double the value of the portion condemned plus any damage to the remaining land which the jury might think resulted from the taking."

Considered in the light of the rule hereinabove set out, charge 2 is clearly inapt, and might well have been refused on that ground; yet, it is our view that the giving of it does not call for a reversal of this case. A determination that an erroneous charge has been given does not carry with it an automatic reversal. It is only. when the error complained of "has probably injuriously affected substantial rights of the parties" that we are authorized to reverse; and this is to be determined "after an examination of the entire cause". Code 1940, Tit. 7, Appendix, Supreme Court Rule 45. We have considered, in consultation, the entire cause and have concluded that the giving of charge 2 has not "probably injuriously affected substantial rights" of the appellant. Both parties, in questioning the witnesses, recognized, as the law of the case in awarding compensation, the approved rule as hereinabove stated. The trial judge, in his oral charge, fully and clearly expounded this rule. And we fail to see in the evidence any rational basis for the jury to apply charge 2 as interpreted by appellant.

### Assignment of Error 2.

On the insistence that the damages awarded are excessive and should not be allowed to stand, the evidence, as is usual in such cases, is in conflict; the opinions of the witnesses ranging from $666 to $3,166. That there was evidence to support the jury's verdict is clear. The weight of the

---

1. Ante, p. 401.

evidence, and the credibility of the witnesses, were passed on by the jury. The presiding judge, in denying the appellant's motion for a new trial, evinced his satisfaction with the verdict. In these circumstances, we are constrained to apply, once again, the landmark decision of this Court in the case of Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738, 739. The profundity of the rule there announced, and its appropriateness here, justify quoting the following from that case:

"The power to set aside verdicts has been generally regarded in this country as inherent in courts organized upon the principles of common law, though in some states it is regulated by statute, enumerating the grounds upon which a motion for a new trial may be made. The power is essential to prevent irreparable injustice in cases where a verdict wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, on the part of juries, which sometimes occur. But, in exercising the power, the court should be careful not to infringe the right of trial by jury, and should bear in mind that it is their exclusive province to determine the credibility of witnesses, to weigh the testimony, and find the facts. Being selected for their impartiality and qualifications to judge facts, and unanimity of opinion and conclusion being required, their verdicts are presumed to be correct. It has been said that no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. Hil. New Trials, 339. The power should be exercised, only, when it affirmatively appears that the substantial ends of justice require the examination of the facts by another jury. If these be the principles by which the trial court should be governed, they apply with much more force to the exercise of the power by an appellate court. *When the presiding judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is thereby strengthened.* He is selected because of his legal learning, sound judgment, and the confidence of the public in his impartiality, and the courage of his convictions of right and justice. He has heard and seen the witnesses testify, observed their tone and demeanor, and noticed their candor, or convenient failure of memory, to avoid impeachment, or for other improper purpose. The appellate court, possessing none of these aids and advantages, and receiving the evidence on paper only, is less qualified to determine what evidence is unworthy of belief, or what weight should be given to that which has been rejected by the jury, and may give undue weight to the testimony of some of the witnesses. Doubtless, in view of these considerations, the power to grant new trials, or to correct errors of the circuit or city court in granting or refusing to grant the same, is conferred, by the statute, upon this court in general terms. No rules by which it shall be governed are prescribed, leaving the power to be exercised in accordance with well-recognized usages and rules in such cases, and in the mode in which, in the judgment of the court, the ends of justice will be best subserved. * * * *When there is no evidence to support the verdict, it is clearly the duty of the court to grant a new trial.* No court, possessed of a proper sense of justice, and a due regard for a fair and impartial administration of the law, can afford to allow such a verdict to stand. *But when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence.* Comparing the analogous rules above stated, and the rules established by other appellate courts, we deduce therefrom, and lay down as rules for the guidance of this court, that the deci-

sion of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, *the preponderance of the evidence against the verdict is so decided as to clearly convince the court that* it is wrong and unjust. And decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict. Of course, these rules are not inflexible, but subject to exceptions and qualifications, dependent upon peculiar circumstances." (Italics supplied.)

Appropriate, too, are the cases of Huckaba v. Hill, 209 Ala. 466, 96 So. 569; Bates v. Chilton County, 244 Ala. 297, 299, 13 So.2d 186; Thornton v. City of Birmingham, 250 Ala. 651, 657, 35 So.2d 545, 7 A.L.R.2d 773; Smith v. Smith, 254 Ala. 404, 48 So.2d 546.

In the Huckaba and Bates cases, supra, it is said:

"Verdicts are not to be set aside merely because they do not correspond with the opinion of the court or are against the mere preponderance of the evidence." [209 Ala. 466, 96 So. 569.]

The rule is stated in the Thornton case, supra [250 Ala. 651, 35 So.2d 549], as follows:

"The verdict of the jury and the ruling of the trial court refusing to set it aside on such ground will not be overturned unless it clearly appears that the verdict was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion, or other improper motive, and that the excessiveness of the verdict was the result thereof. In other words, unless the amount is so large or so small as to carry internal evidence of intemperance in the minds of the jury the verdict must stand."

And in the Smith case, supra [254 Ala. 404, 48 So.2d 548], it is observed:

"The appellant urges with great earnestness that the trial court was in error in overruling the motion for a new trial because the verdict of the jury was contrary to the great weight of the evidence. Where there is evidence which if believed justifies the verdict, a motion for a new trial is properly overruled. Johnson v. Louisville & Nashville R. R. Co., 240 Ala. 219, 198 So. 350; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725. Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited, than that the verdict is against the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738. It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Southern Railway Co. v. Kirsh [Kirsch], 150 Ala. 659, 43 So. 796."

Having carefully examined and considered the record in the light of the foregoing guides, well established as they are, we are unwilling to say that the trial court erred in refusing to grant the motion for a new trial.

There being no error to reverse, the cause is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and FOSTER and SIMPSON, JJ., concur.