516

83 So.2d 238

**Alton C. TUCKER**

v.

**R. W. THOMPSON.**

5 Div. 571.

Supreme Court of Alabama.

Nov. 3, 1955.

Walter B. Venters, Opelika, for appellant.

L. J. Tyner, Opelika, for appellee.

GOODWYN, Justice.

Appellant brought action in the circuit court of Lee County against appellee to recover damages for an alleged assault and battery committed on appellant by appellee. A jury verdict was rendered in favor of the defendant. The plaintiff then filed a motion for a new trial. The motion being overruled, plaintiff brought this appeal.

There are six assignments of error. However, appellant, in his brief, expressly waives all but Nos. 1 and 5, which assign error (1) in the refusal of the trial court to give the general affirmative charge with hypothesis as requested by appellant and (5) in overruling his motion for a new trial. With respect to assignment No. 1, the insistence is that there is no evidence to support defendant's plea of self-defense. As to No. 5, it is insisted that the verdict is contrary to the great weight and preponderance of the evidence.

▉ There appears to be no question that appellant received injuries in the course of a difficulty with appellee and that appellee contributed to such injuries. The controverted issue of fact, presented by virtue of defendant's plea of self-defense, was whether appellee was justified in causing the injuries. The evidence with respect to that issue was in sharp conflict, the principal witnesses being the parties themselves. We see no good purpose to be served in setting out the evidence. Suffice it to say that we have given it most careful consideration and think that it clearly made out a case for the jury's determination. Certainly, after allowing all reasonable presumptions in favor of the verdict, as should be done, we cannot say that the preponderance of the evidence was so decidedly against it as to clearly convince us that it was wrong and unjust. Howell v. Greyhound Corp., 257 Ala. 492, 494, 59 So.2d 587; Morgan County v. Hill, 257 Ala. 658, 661–662, 60 So.2d 838; Davis v. Radney, 251 Ala. 629, 630, 38 So.2d 867; Bell v. Nichols, 245 Ala. 274, 275, 16 So.2d 799; Cobb v. Malone, 92 Ala. 630, 635, 9 So. 738. Adding support to this conclusion is the long-recognized principle that when the presiding judge, as here, refuses to grant a new trial, the presumption in favor of the correctness of the verdict is thereby strengthened. Cobb v. Malone, supra.

There being no error to reverse, the cause is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.