86 So.2d 393

### MOBILE CITY LINES, Inc.

v.

### Edward L. HARDY, as Administrator.

I Div. 638.

Supreme Court of Alabama.

March 22, 1956.

Rehearing Denied April 12, 1956.

Johnston, McCall & Johnston, Mobile, for appellant.

Chas. Hoffman, Mobile, for appellee.

LAWSON, Justice.

This suit was brought by Edward L. Hardy, as administrator, under the homicide statute, § 123, Title 7, Code 1940, against Mobile City Lines, Inc., to recover damages for the alleged unlawful death of his son, James Wendell Hardy.

Plaintiff's son lost his life as a result of a collision between a motorcycle upon which he was riding and a bus belonging to the defendant, which was being driven by its agent, Thomas Sawyer.

The case was submitted to the jury on one count charging simple negligence and on the plea of the general issue and four pleas of contributory negligence. There was verdict for the plaintiff in the sum of $15,000. Judgment was in accord with the verdict. Defendant's motion for new trial was overruled and it has appealed to this court.

■ Reversible error is not made to appear in connection with the trial court's action in overruling defendant's objection to the following question asked defense witness Sawyer on cross-examination: "You say the boy had the right of way and you didn't give it to him." The ground of objection was: "He is not to decide who has the right of way." The question called for testimony which had been previously given by the same witness without objection, so even if it be conceded that the objection interposed was well taken, the court's action thereon cannot work a reversal for the rule is that prejudicial error may not be predicated upon admission of evidence previously elicited without objection. Baker v. Shoemaker, 201 Ala. 443, 78 So. 826; Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633.

■ It is insisted that the trial court erred in refusing to give the general affirmative charge with hypothesis requested in writing by the defendant. In considering that question, we must review the tendencies of the evidence most favorable to the plaintiff, regardless of any view we may have as to the weight of the evidence, and must allow such reasonable inferences as the jury was free to draw, not inferences we may think the more probable. Martin v. Anniston Foundry Co., 259 Ala. 633, 68 So.2d 323; Southern Ry. Co. v. Sanford, 262 Ala. 5, 76 So.2d 164.

On the morning of December 31, 1953, at about 9 o'clock, the plaintiff's intestate was riding his motorcycle southwardly on Ann Street in the city of Mobile. The defendant's bus was travelling east on Texas Street. The motorcycle and the bus collided in the intersection.

■ Stop signs were located on Texas Streets at its intersection with Ann Street at the time of the accident. Presumptively the stop signs were properly and authoritatively so placed. Mobile City Lines v. Orr, 253 Ala. 528, 45 So.2d 766. Accordingly Ann Street was a "through highway." Subsecs. (12) and (48), § 1, Title 36, Code 1940, as amended. Since Ann Street was a "through highway" the movement of defendant's bus on Texas Street as it approached Ann Street was governed by the following provisions of § 19, Title 36, Code 1940, as amended:

"(c) The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right of way to the vehicle so proceeding into or across the through highway."

It is without dispute in the evidence that the driver of the defendant's bus did bring the vehicle to a stop before entering the intersection and according to the bus driver, Sawyer, after he stopped the bus he looked in both directions and seeing no traffic on Ann Street, he drove the bus slowly into the intersection. Sawyer testified that the motorcycle was traveling at a terrific rate of speed when he first saw it approximately 20 feet north of the point of impact. In substance the defendant's theory of the collision is that at the time the bus proceeded into the intersection the motorcycle was so far north on Ann Street that Sawyer could not see it and that because of its great speed and the slowness of the bus the two vehicles met almost in the center of the intersection.

But there is evidence for the plaintiff tending to show that the motorcycle was traveling at a speed of approximately 30 miles an hour when it was 100 feet north of the intersection and that the speed had been reduced to approximately 20 miles an hour at the time of impact as a result of a full application of brakes. Evidence for the plaintiff tends to show that the two vehicles entered the intersection at approximately the same time. Photographs and a drawing of the locus in quo introduced in evidence clearly show that there was no building or other object which could have obstructed the bus driver's view of traffic moving southwardly on Ann Street for a distance of several hundred feet.

The fact that the horn on the motorcycle was blown and brakes applied before the motorcycle entered the intersection does not show as a matter of law that the bus had already entered the intersection.

As pointed out above, the evidence shows that the motorcycle was traveling at a speed of approximately 30 miles an hour when it was about 100 feet north of the intersection. The speed limit in a residence district such as where this collision occurred is fixed by statute at 25 miles an hour unless a different speed limit is fixed by local authorities and the record before us fails to show a local ordinance on the subject. § 5, Title 36, Code 1940. But the rule of our cases construing the section just mentioned is that whether a certain speed is unlawful or not depends upon the conditions existing, so that the speed shall not be dangerous or unsafe. Ditsch v. Baggett Transp. Co., 258 Ala. 26, 61 So.2d 98, and cases cited.

We have given careful consideration to the briefs which have been filed and to the oral argument made at time of submission and we are clear to the conclusion that under the evidence in the record before us the question as to whether the plaintiff was guilty of contributory negligence which proximately contributed to the collision or whether the collision was due solely to the negligence of defendant's bus driver were questions for the jury, the triers of the facts.

Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738. It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Southern R. Co. v. Kirsch, 150 Ala. 659, 43 So. 796; Smith v. Smith, 254 Ala. 404, 48 So.2d 546; Crescent Amusement Co. v. Knight, 263 Ala. 445, 82 So.2d 919; Tucker v. Thompson, 263 Ala. 516, 83 So.2d 238. After allowing all reasonable presumptions in favor of the correctness of the verdict, we cannot say that the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone, supra; Johnston v. Weissinger, 225 Ala. 425, 143 So. 464. We hold, therefore, that the trial court did not err in overruling those grounds of the motion for new trial taking the point that the verdict was contrary to the great weight of the evidence.

We have considered the assignments of error which have been argued in brief and having concluded that reversible error is

not shown therein, the judgment of the trial court is due to be affirmed.

It is so ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.