104 So.2d 834

**TALLAPOOSA COUNTY**

v.

**Troy HOLLEY.**

**5 Div. 682.**

Supreme Court of Alabama.

Aug. 28, 1958.

68

Richard H. Cocke, Alexander City, for appellant.

Wilbanks & Wilbanks, Alexander City, for appellee.

GOODWYN, Justice.

This is a condemnation proceeding brought by Tallapoosa County pursuant to Code 1940, Tit. 19, Chap. 1, to acquire, for public highway purposes (§ 14, Tit. 19), a portion of the residence lot of Troy Holley located in Alexander City. The proceeding originated in the probate court where the commissioners assessed damages and compensation in the amount of $1,000 and an order of condemnation was made in pursuance thereof. Holley appealed from said order to the circuit court of Tallapoosa County where a trial de novo (§ 17, Tit. 19) was held before a jury.

At the conclusion of the testimony, and after viewing the premises and receiving instructions from the trial judge, the jury rendered a verdict in favor of defendant Holley, fixing the amount of damages and compensation at $6,000. Judgment and an order of condemnation followed. The county brought this appeal from that judgment (§ 23, Tit. 19).

The county's motion for a new trial was overruled. The bases of the eight grounds of the motion are that the verdict is not sustained by the great preponderance of the evidence and that the jury's award is excessive.

The sole question before us concerns the amount of the compensation and damages awarded the property owner. As is usual in such cases, there was a wide divergence of opinion among the witnesses as to the value of the premises and the damages sustained. The owner and his witnesses claimed the property was reduced to the status of rental property and its value diminished up to as much as $8,000 (the owner testified to this figure while his witnesses generally agreed that the proper figure was about $6,500). The witnesses for the county estimated the reduction in value at around $1,000.

The weight of the evidence, and the credibility of the witnesses, were passed on by the jury. It was their province to arrive at a verdict by reconciling the various opinions and analyzing the evidence. Here, the jury not only saw and heard the witnesses but actually viewed the property in

question. Also, the presiding judge, in denying appellant's motion for a new trial, evinced his satisfaction with the verdict.

██ After a careful consideration of all the evidence, we are not persuaded that the amount of the verdict is so excessive as to clearly convince us that it is wrong and unjust. A verdict is not to be set aside merely "because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence." Morgan County v. Hill, 257 Ala. 658, 661–662, 60 So.2d 838, 842; Smith v. Smith, 254 Ala. 404, 408, 48 So.2d 546, 548. As said in Smith v. Smith, supra:

"The appellant urges with great earnestness that the trial court was in error in overruling the motion for a new trial because the verdict of the jury was contrary to the great weight of the evidence. Where there is evidence which if believed justifies the verdict, a motion for a new trial is properly overruled. Johnson v. Louisville & Nashville R. Co., 240 Ala. 219, 198 So. 350; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725. Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited, than that the verdict is against the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738. It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796."

The judgment of the trial court is due to be affirmed.

Affirmed.

LAWSON, SIMPSON and COLEMAN, JJ., concur.