144 So.2d 52

William E. MAYBEN, d/b/a Mayben &
Son Company

v.

TRAVELERS INDEMNITY COMPANY
et al.

7 Div. 572.

Supreme Court of Alabama.

Aug. 30, 1962.

Inzer, Martin, Suttle & Inzer, Gadsden, for appellant.

David J. Vann and White, Bradley, Arant, All & Rose, Birmingham, for appellees.

MERRILL, Justice.

Appellee Kelly was a general contractor who was building a dormitory at Tuskegee Institute. Appellee, The Travelers Indemnity Company, was the surety on his bond. It became necessary to replace one of the subcontractors on the job, and Kelly made an oral contract with appellant, whereby appellant was to complete the work originally started by the original subcontractor. When the work was completed, appellant sued for $2,154.25, which he alleged was due and unpaid under the oral contract.

Appellee Kelly denied that any amount was owing appellant, and also filed pleas of set off and recoupment for $5,911.72, which

he claimed he had overpaid appellant. Demurrers to two of these pleas were overruled. The jury found the issues in favor of the defendants. A motion for a new trial was overruled and appellant appealed.

The main dispute in the case was whether the compensation agreed upon in the oral contract was to be based on the cost of the job plus ten percent of the costs for payment of the contractor's overhead plus ten percent profit, commonly known as a "cost plus ten and ten," as contended by appellant; or whether it was based on the cost of labor and material on the job plus ten percent commission as contended by appellee Kelly.

Assignments of error 1, 2, 3 and 4 charge error in the overruling of demurrers to appellee's two pleas of set off and recoupment. The argued grounds are that the pleas were not in proper form, were vague, uncertain and ambiguous.

■ An appellant has not only the burden of showing error but also of showing that he was probably prejudiced by the error. Supreme Court Rule 45; Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896; Sovereign Camp, W. O. W. v. Colvin, 218 Ala. 616, 119 So. 635. Appellant's objections to the pleas were not to their substance, but went to form and verbiage, matters which could be corrected by amendment, and the evidence of overpayment would have been admissible under the plea of the general issue. The overruling of demurrers to pleas 4 and 7, if error, which we do not decide, was without injury, as, under the averments of the complaint, the matters of defense could have been introduced under the plea of the general issue. Southern Indemnity Ass'n v. Hoffman, 16 Ala.App. 274, 77 So. 424.

■ Moreover, appellant could not have been prejudiced by the overruling of the demurrers to the pleas of recoupment because the jury found against appellees on

the pleas, and the judgment was favorable to appellant on those pleas.

Assignment of error 5 charges that the court erred in overruling appellant's motion for a new trial, and the argued grounds of the motion are that the verdict was contrary to the preponderance of the evidence, contrary to the legal evidence and contrary to the law and evidence.

On appeal, this court does not weigh the evidence as regards its reasonably satisfying effect on the issue tendered, but in considering it, we indulge all favorable presumptions to sustain the conclusion reached in the trial court and will not disturb it unless plainly erroneous or manifestly unjust. Maxwell v. City of Birmingham, 271 Ala. 570, 126 So.2d 209.

Here, the evidence was in conflict as to the terms of the oral contract and the amount of compensation to be paid under it. The evidence would have supported the claim of appellant or the claim of the appellees. The credibility of the witnesses was a matter for the jury. Where there is ample evidence to support a verdict for either party, disputed questions of fact will not be reviewed or revised on appeal. Windham v. Hydrick, 197 Ala. 125, 72 So. 403.

The court charged the jury as to plaintiff's claim, as to defendant's claim of recoupment and then if the jury was not satisfied that either was entitled to recover, the verdict would be "We the jury find the issues in favor of the defendant.(s)." The latter verdict was returned. This was the proper verdict if the jury was not reasonably satisfied that either party was entitled to recover. There was no error in the refusal to grant the motion for a new trial.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.