147 So.2d 852

A. L. LAMBERT

v.

HENRY & BRANNON EUBANKS, INC., et al.

I Div. 73.

Supreme Court of Alabama.

Dec. 20, 1962.

decree will not support an appeal. Equity Rule 62; Slaton v. Slaton, ante, p. 212, 147 So.2d 827. Therefore, we consider only the appeal from the final decree.

Appellant's bill sought a declaratory judgment, an injunction and damages for breach of an alleged oral contract in which appellant contends that appellees leased a soil and clay pit to him for five years. Appellant contended that he had been put into possession by appellees and that he had made payments on the contract to appellees, improved the pit and advertised its location; that these facts put the contract without the operation of the Statute of Frauds and that appellees breached the contract by permitting others than appellant to remove clay and soil from the pit.

Appellees contended that the tenancy was at will and on a limited basis.

Both sides agree that the trial court was correct in stating that the determining issue in this cause is "Did the complainant have an exclusive oral lease with the Respondents for a term of five years?"

Both sides also agree that this was a question of fact. When so, we can refrain from discussing the evidence in detail as it would add nothing to the established law and serve no useful purpose. Tit. 13, § 66, Code 1940; Finney v. Story, 271 Ala. 284, 123 So.2d 129.

There was conflicting evidence tending to sustain the contentions of the respective parties as to whether there was a five year lease. The trial court resolved this conflict in favor of appellees.

Where testimony is given ore tenus, the judgment or decree of the trial court has the effect of a jury verdict and will not be disturbed upon appeal unless plainly and palpably wrong, and the reviewing court will not substitute its own judgment for that of the trier of facts, even though this court might have reached a different conclusion. Kyser v. Doan, 271 Ala.

Marr & Friedlander, Mobile, and N. S. Hare, Monroeville, for appellant.

Tonsmeire & McFadden, Mobile, for appellees.

MERRILL, Justice.

This appeal was taken from a final decree denying to complainant the relief sought in his bill of complaint, and from a decree denying complainant's motion for a rehearing.

An order denying a motion for rehearing in equity which does not modify the final

229, 122 So.2d 764; Shirley v. McNeal, ante, p. 82, 145 So.2d 415.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.