150 So.2d 754

**ALABAMA POWER COMPANY**

v.

**Henry C. BELL et al.**

**6 Div. 669.**

Supreme Court of Alabama.

Feb. 28, 1963.

the evidence. The trial court granted the motion, specifying no grounds. Appellant Power Company duly excepted and, appealed.

The sole issue in the court below was the amount of damages suffered by appellees as a result of the condemnation.

When the trial court's ruling in granting a new trial is based on no specific ground, as here, the ruling must be sustained on appeal if any good ground is presented. Harris v. Schmaeling, 270 Ala. 547, 120 So. 2d 731; Lindsay Products Corporation v. Alabama Securities Corp., 247 Ala. 662, 25 So.2d 852; W. M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231. When the trial court grants a motion for a new trial without specifying the grounds for the ruling, and one of the assigned grounds is that the verdict was against the weight of the evidence, this court may presume that the ruling was based on such ground and will not overturn it unless the great weight of the evidence plainly and palpably supports the jury verdict. Harris v. Schmaeling, supra; Chisom v. Woodward Iron Co., 265 Ala. 212, 90 So.2d 816; and cases cited therein. In the case of Taylor v. Brownell O'Hear Pontiac Co., 265 Ala. 468, 91 So.2d 828, the court stated:

"It has long been a rule of law in this jurisdiction that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order granting a new trial will not be disturbed on appeal unless some legal right of the appellant has been abused. There is a presumption that the court's discretion was properly exercised. The lower court will not be reversed unless the record plainly and palpably shows that the trial court was in error. German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 170 So. 211; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; * *."

In brief, appellant argues that "verdicts are presumed to be correct and no

McQueen & McQueen and John D. McQueen, Jr., Tuscaloosa, Martin, Vogtle, Balch & Bingham and Jas. H. Hancock, Birmingham, for appellant.

Ward & Ward, Tuscaloosa, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal from an order granting a motion for a new trial.

Appellees here are landowners in Tuscaloosa County, Alabama. Appellant, Alabama Power Company, instituted proceedings in the Probate Court of that county to condemn a 100-foot right of way across appellees' property.

Appraisers were duly appointed and assessed damages at $2,005. On appeal to the Circuit Court of Tuscaloosa County, Alabama, the jury found for the appellees in the amount of $1,350. Judgment was entered accordingly. Appellees duly filed a motion for a new trial, assigning 15 grounds, three of these being that the verdict was contrary to law, or contrary to the weight of

ground of a new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence." Southern Apartments, Inc., v. Emmett, 269 Ala. 584, 114 So.2d 453; Mobile City Lines v. Hardy, 264 Ala. 247, 86 So.2d 393; Montgomery City Lines v. Davis, 261 Ala. 491, 74 So.2d 923.

While this may well be, and is, the law of Alabama today, one feature is common to all of the cases cited—the appellate court upheld the trial court's refusal to grant a new trial on the ground that the verdict was contrary to the evidence. These cases merely hold, in effect, that the verdict of a jury is strengthened when the trial judge refuses to set it aside on the basis that it is against the weight of the evidence.

Appellant also urges that a verdict should not be set aside merely because it may not correspond with the opinion of the court as to the weight of the testimony or because it is against the mere preponderance of the evidence. In support, three cases are cited: Southern Apartments, Inc., supra; Tallapoosa Co. v. Holley, 268 Ala. 67, 104 So.2d 834; and Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838.

These cases, however, have no application to the instant case. In all of them the appellate court is speaking of its own reversal of the trial court's decision not to grant a motion for a new trial, meaning simply that the trial court's refusal to set aside a jury verdict strengthens that verdict. In the instant case, of course, the trial court did set aside the verdict of the jury.

■ A total of twelve witnesses testified to the extent of the damage to appellees' property. Testimony ranged from a low of $395.50 by a professional appraiser called by the appellant, to a sum in excess of $30,000. by witnesses called by the appellees. The probate court, pursuant to a report by its duly appointed commissioners, set damages at $2,005. The jury verdict which the trial court set aside was in the amount of $1,350.

After carefully considering the evidence presented in this case, we cannot say that the trial court was in error in setting aside the jury's verdict.

The case is due to be affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.