167 So.2d 545

**Addie BAGLEY**

v.

**Eddis GREEN.**

**4 Div. 171.**

Supreme Court of Alabama.

Sept. 3, 1964.

Fred D. Gray, Montgomery, for appellant.

Whitesell, Alton & DeMent, Montgomery, and Richard B. Stone, Union Springs, for appellee.

GOODWYN, Justice.

Appeal by defendant below from a judgment rendered on a jury verdict in favor of plaintiff in a statutory action of ejectment (Code 1940, Tit. 7, § 938; § 223, Form 32). Defendant also appeals from the judgment overruling her motion for a new trial.

The action was brought to recover possession of the NW ¼ of the NW ¼ of Sect. 18, Tp. 12, R. 24, situated in Bullock County.

Defendant's demurrer to the complaint being overruled, she filed an answer to the complaint suggesting a boundary line dispute (Code 1940, Tit. 7, § 942) and disclaiming possession of that part of the land lying north of her claimed boundary line. The defendant's claim is based on the principle that, being a coterminous land owner, she has acquired title to her claimed portion of the tract (approximately the south 20 acres) by erecting a fence as a dividing line, believing that to be the true line, and thereafter holding adversely up to said line continuously for ten years. See: Sylvest v. Stowers, Ala., 166 So.2d 423 [1]; Lay v. Phillips, 276 Ala. 273, 161 So.2d 477; McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160; Milstead v. Devine, 254 Ala. 442, 48 So.2d 530; Isaacks v. Clayton, 254 Ala. 450, 48 So.2d 536; Denton v. Corr, 253 Ala. 497, 45 So.2d 288.

As we see it, the decisive points on this appeal are whether the trial court erred in refusing the defendant's requested affirmative charge with hypothesis and in denying her motion for a new trial on the ground that the verdict of the jury was against the great weight and preponderance of the evidence. Thus, a question of fact only is presented.

We have carefully considered the evidence and are clearly of the opinion that the trial court did not err in refusing the affirmative charge or in denying a new trial. There are conflicts in the evidence, and its tendencies, on the material issues presented, the resolvement of which was for the jury.

■ On appeal, this court does not weigh the evidence as to its reasonably satisfying effect on the issues tendered. Instead, the court indulges all favorable presumptions in favor of the conclusion from the evidence reached in the trial court and will not disturb such conclusion unless it is plainly erroneous or manifestly unjust. See: Mayben v. Travelers Indemnity Co., 273 Ala. 643, 144 So.2d 52; Maxwell v. City of Birmingham, 271 Ala. 570, 126 So.2d 209.

■ Verdicts are presumed to be correct; and no ground for a new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence. See: Mobile City Lines v. Hardy, 264 Ala. 247, 86 So.2d 393; Cobb v. Malone, 92 Ala. 630, 9 So. 738. And, when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Mobile City Lines v. Hardy, supra; Tucker v. Thompson, 263 Ala. 516, 83 So.2d 238; Crescent Amusement Co. v. Knight, 263 Ala. 445, 82 So.2d 919; Smith v. Smith, 254 Ala. 404, 48 So.2d 546; Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Southern R. Co. v. Kirsch, 150 Ala. 659, 43 So. 796. After allowing all reasonable presumptions in favor of the correctness of the verdict, we cannot say that the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. See: Mobile City Lines v. Hardy, supra; Cobb v. Malone, supra; Johnston v. Weissinger, 225 Ala. 425, 143 So. 464.

Since the appeal relates to a question of fact only, we will refrain from discussing the evidence, for, in our opinion, to do so would serve no useful purpose as a precedent. See: Code 1940, Tit. 13, § 66; Lambert v. Henry & Brannon Eubanks, Inc., 274 Ala. 279, 280, 147 So.2d 852.

The judgments appealed from are affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.

1. 276 Ala. 695.