184 So.2d 152

Mary Lucille JOHNSON

v.

TRAIL CADILLAC–PONTIAC, INC., et al.

I Div. 58.

Supreme Court of Alabama.

March 10, 1966.

Coley & Coley, Mobile, for appellant.

Johnston, Johnston & Courtney, Mobile, for appellees.

GOODWYN, Justice.

Appeal by plaintiff in an automobile accident case from a judgment rendered on a jury verdict in favor of defendant and also from judgment overruling her motion for a new trial.

As last amended, the complaint consisted of two counts. The defendants in both counts were G. H. Dunaway and Trail Cadillac-Pontiac, Inc. (Trail). The gravamen of count 1 is the negligence of Dunaway in operating an automobile as the servant or agent of Trail, and while acting within the line and scope of his employment as such servant or agent. Count 2 alleges that "a servant or agent" of Trail "while acting within the line and scope of his employment as such, negligently left improperly fastened the hood of the automobile of the plaintiff, upon which automobile the said defendant had undertaken to make certain repairs, so that * * * while said automobile was being driven * * * the hood of said automobile flew up, causing the driver, who was a servant or agent of the defendant" Trail, "and acting within the line and scope of his employment as such, to bring the car to such a sudden stop that plaintiff, who was then and there riding in her said automobile," was injured, "all as a proximate consequence of the negligence of the servant or agent of the defendant" Trail, "acting within the line and scope of his employment as such as aforesaid."

The trial court gave the affirmative charge in favor of both defendants as to count 1 and in favor of defendant Dunaway as to count 2.

The decisive questions on this appeal are (1) whether it was error to give these charges and (2) whether Trail's requested affirmative charge as to count 2 should have been given. After a careful study of the record our conclusion is that the affirmative charges given were properly given and also that Trail's requested affirmative charge as to count 2 should have been given.

Since the verdict, as to count 2, was in favor of Trail, and Trail's requested affirmative charge as to this count should have been given, there is no need to discuss whether it was error to give Trail's requested charge 12. "[T]he rule is that where the general affirmative charge should have been given the defendant, error in giving any other charge to the jury is error without injury. Birmingham Ice & Cold Storage Co. v. Alley, 247 Ala. 503, 25 So.2d 37;

Dudley v. Alabama Utilities Service Co., 225 Ala. 531, 144 So. 5; Lambert v. Southern R. Co., 214 Ala. 438, 108 So. 255; Hambaugh v. McGraw, 212 Ala. 550, 103 So. 646." Coe v. Louisville and Nashville Railroad Company, 272 Ala. 115, 117, 130 So.2d 32, 33; Supreme Court Rule 45, 261 Ala. XIX, XXXVII.

Since the appeal relates to a question of fact only, we will refrain from discussing the evidence, as to do so, in our opinion, would serve no useful purpose as a precedent. See: Code 1940, Tit. 13, § 66; Lambert v. Henry & Brannon Eubanks, Inc., 274 Ala. 279, 280, 147 So.2d 852; Finney v. Story, 271 Ala. 284, 285, 123 So. 2d 129.

The judgment appealed from is due to be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.

SIMPSON and COLEMAN, JJ., dissent.