190 So.2d 712

**D. A. ALLRED**

v.

**Charles D. DOBBS.**

**6 Div. 103.**

Supreme Court of Alabama.

Sept. 29, 1966.

**160**

Porterfield & Scholl, Birmingham, for appellant.

Adams & Adams, Birmingham, for appellee.

GOODWYN, Justice.

This case concerns a motor vehicle accident which occurred at the aircraft plant of Hayes International Corporation, located at the Birmingham Municipal Airport. Plaintiff's passenger car was damaged in a collision with defendant's truck while both vehicles were being driven, in the daytime in clear weather, on an open concrete runway 375 feet wide which was used as a taxiway or towing strip for aircraft. There was judgment on a jury verdict in favor of plaintiff. Defendant brought this appeal from that judgment after his motion for a new trial was overruled.

There are 30 assignments of error, none of which do we find to be reversible error.

Assignment 1 is not argued and must be considered as waived.

Assignment 2 charges error "in overruling appellant's motion for a new trial on the separate and several grounds assigned therein." This has the effect of presenting as a distinct assignment of error every ground stated in the motion for new trial except that the verdict was contrary to law; but, to invite a review, the grounds relied on must sufficiently specify "the precise error alleged to have occurred," the same as if it were a separate assignment of error, and must be properly argued. See: General Finance Corporation v. Bradwell, 279 Ala. 437, 186 So.2d 150, 152–153; Danley v. Marshall Lumber and Mill Company, 277 Ala. 551, 553, 173 So.2d 94; Matthews v. Maynard, 274 Ala. 330, 331, 148 So.2d 629;

Grimes v. Jackson, 263 Ala. 22, 82 So.2d 315.

■ Assignment 3 charges error in overruling the motion for a new trial on the ground that the verdict of the jury was "contrary to the law." This is not sufficient to be considered as an assignment of error, and for this reason, aside from any other, it must be disregarded. See: General Finance Corporation v. Bradwell, supra; Grimes v. Jackson, supra.

Assignments 4 through 8 and 10 through 16 are based on grounds of the motion for a new trial charging the insufficiency of the evidence to support the verdict and judgment. As we view the evidence, including, of course, reasonable inferences therefrom, it presented typical factual issues for the jury's determination as to defendant's negligence and plaintiff's contributory negligence, which were the decisive issues in the case.

■ On appeal, this court does not weigh the evidence as to its reasonably satisfying effect on the issues tendered. Instead, the court indulges all favorable presumptions in·favor of the conclusion from the evidence reached in the trial court and will not disturb such conclusion unless it is plainly erroneous or manifestly unjust. See: Bagley v. Green, 277 Ala. 118, 119, 167 So. 2d 545; Mayben v. Travelers Indemnity Co., 273 Ala. 643, 144 So.2d 52; Maxwell v. City of Birmingham, 271 Ala. 570, 126 So.2d 209.

■ Verdicts are presumed to be correct; and no ground for a new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence. See: Bagley v. Green, supra; Mobile City Lines v. Hardy, 264 Ala. 247, 86 So.2d 393; Cobb v. Malone, 92 Ala. 630, 9 So. 738. And, when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Bagley v. Green, supra, Mobile City Lines v. Hardy, supra; Tucker v. Thompson, 263 Ala. 516, 83 So.2d 238; Crescent Amuse-

ment Co. v. Knight, 263 Ala. 445, 82 So.2d 919; Smith v. Smith, 254 Ala. 404, 48 So.2d 546; Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Southern R. Co. v. Kirsch, 150 Ala. 659, 43 So. 796. After allowing all reasonable presumptions in favor of the correctness of the verdict, we cannot say that the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. See: Bagley v. Green, supra; Mobile City Lines v. Hardy, supra; Cobb v. Malone, supra; Johnston v. Weissinger, 225 Ala. 425, 143 So. 464.

We refrain from discussing the evidence, for, in our opinion, to do so would serve no useful purpose as a precedent. See: Code 1940, Tit. 13, § 66; Bagley v. Green, supra; Lambert v. Henry & Brannon Eubanks, Inc., 274 Ala. 279, 280, 147 So.2d 852.

■ Assignment 9 charges error in overruling the motion for a new trial on the ground that "the judgment of the Court is contrary to law." This is too general. It does not point out specifically wherein the judgment is contrary to law. For this reason, aside from any other, it must be disregarded. See: Danley v. Marshall Lumber and Mill Company, 277 Ala. 551, 553, 173 So.2d 94, supra.

Assignments 17, 18, 23, 24 and 25 charge error in the refusal of five separate written charges requested by defendant. These assignments are not sufficiently argued and must be considered as waived. Whether these requested charges were substantially covered by the court's oral charge, as argued by appellee, there is no need to decide.

Assignments 19, 20, 21 and 22 charge error in failing to give four of defendant's requested affirmative instructions in his favor. As already shown, we think the evidence made out a case for the jury's determination. Accordingly, these affirmative instructions were properly refused.

■ Assignment 26 charges error in overruling defendant's objection to the following question asked the plaintiff, viz:

"Do automobiles customarily use that area for driving to and from various points?"

Defendant objected "to what is customary." The court, in overruling, said this: "The use that a place is put to might have something to do with the degree of care that each one of the drivers should use, so I would overrule." We see no error in the court's ruling.

Assignment 27 charges error in overruling defendant's objection to a question asked the plaintiff. Although the objection, when made, was overruled, the question was not answered and, after the court questioned the witness, the objection was sustained and the question was withdrawn.

Assignments 28 and 29 charge error in overruling defendant's objections to the following questions asked the plaintiff, viz:

"Q. * * * Let me ask you this: have you driven your automobile or has your automobile been driven over that area before this time—." (The grounds of the objection were: "What happened in the past doesn't have anything to do with this accident. * * * [E]ven though he did it in the past that doesn't show he did it lawfully or under—.") (Plaintiff answered: "Yes, sir, it has.")

"Q. Was that frequently or infrequently, or could you describe the amount of the use, and by not only your vehicle, but other vehicles?" (Defendant's objection was: "Same ground.") (Plaintiff answered: "It is common practice. It is done all the time.")

These two questions were along the same line as the question objected to in assignment 26. The court's stated reason for overruling the objection to the question there is also valid with respect to these two questions. We see no error in the court's rulings.

Assignment 30 charges error in overruling defendant's objection to the following question asked the driver of plaintiff's car, viz:

"Is it customary and usual to drive an automobile across that ramp in the manner in which you were doing on the occasion of this accident?"

This question was not answered. The witness was asked: "Did you understand the question or have you forgotten it?" The witness started to answer but before he could finish, the following colloquy took place:

"Q. I asked you whether or not it is customary for vehicles to be driven in the direction in which you were traveling on the occasion of this accident?

"A. Well, I have driven in this direction before. Not in this identical direction, but there is no lines as to where you drive. It is just in a general direction. I have on several occasions."

There was no objection to this question, which is materially different from the question objected to.

▆ Aside from any other reason, this assignment is without merit because the question objected to was never answered.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.