283 So.2d 421

James E. HORACE

v.

Ronnie Clay VanBLARICON.

SC 380.

Supreme Court of Alabama.

Sept. 27, 1973.

·Cassady & Fuller, Enterprise, for appellee.

Kenneth R. Cain, Ozark, for appellant.

PER CURIAM.

This is an appeal from the Circuit Court of Coffee County by the plaintiff who suffers from an adverse jury verdict and denial by the trial court of his motion for a new trial. We affirm.

The plaintiff, James E. Horace, filed suit against Ronnie VanBlaricon in the Circuit Court of Coffee County on October 31, 1970 claiming damages for personal injury, loss of income and property damage. This action stems from an automobile collision at or near the intersection of Lee and Edwards Streets in Enterprise.

The lead car slowed to make a right turn off Lee Street into the driveway leading into a parking lot. Freeman Brunson, driver of the second car, testified that he applied his brakes in order to avoid impact with the turning car. The third vehicle, a pick-up truck, was driven by Horace. The testimony is disputed as to whether he made a slow stop or a quick stop in order to avoid colliding with the Brunson car. The fourth car driven by Ronnie Van-Blaricon, the defendant crashed into the rear of the third vehicle driven by Horace. The testimony is disputed whether Van-Blaricon was following too closely to make a safe stop. At the scene of the accident Horace claimed no personal injuries, but later claimed severe injuries and loss of income as well as property damage. The verdict of the jury was in favor of the defendant.

Horace assigns as error the action of the trial court in overruling his motion for a new trial on the grounds that the verdict was contrary to the evidence and that the verdict was not sustained by the great preponderance of the evidence.

This court has said in Cobb v. Malone & Collins, 92 Ala. 630, 635, 9 So. 738, 740 (1891):

". . . But when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the more preponderance of the evidence. Comparing the analogous rules above stated, and the rules established by other appellate courts, we deduce therefrom, and lay down as rules for the guidance of this court, that the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."

We will not attempt to set out all the evidence, but the testimony is disputed on the issues of whether the defendant was guilty of negligence in driving too closely behind plaintiff and also whether plaintiff was negligent in stopping or suddenly decreasing the speed of his truck.

On careful reading of the evidence, we are not clearly convinced that the verdict is contrary to the great weight of the evidence or that the verdict is wrong and unjust.

Horace also contends in his first four assignments of error that the trial court erred in not granting a motion for a new trial on the ground that the verdict was contrary to law. An assignment of error that the judgment or the verdict is contrary to law is not an adequate assignment of error because only adverse rulings of the trial court are subject to assignments of error on appeal. Allred v. Dobbs, 280 Ala. 159, 190 So.2d 712 (1966); King v. Jackson, 264 Ala. 339, 87 So.2d 623 (1956).

An assignment of error that the court erred in denying a motion for a new trial is a vicarious assignment as error of every well stated ground of the motion for

a new trial adequately brought forth and argued in brief. James v. Governor's House, Inc., 284 Ala. 404, 225 So.2d 815 (1969).

■ An assignment of error charging that the court's ruling on a motion for a new trial was contrary to law, or that the verdict of the jury was contrary to law, is too general and will not be considered on appeal because it does not point out specifically wherein the judgment or verdict was contrary to law. Pettus v. Shafer, 286 Ala. 625, 244 So.2d 573 (1971); Allred v. Dobbs, supra; Danley v. Marshall Lumber & Mill Co., 277 Ala. 551, 173 So.2d 194 (1965).

■ Horace attacks the giving of two of defendant's written charges in assignments of error five and six. He argues that defendant's written charges four and seven were incorrect statements of the law. With this contention we cannot agree. Furthermore, if he felt these charges were misleading, Horace should have requested further explanatory charges. Salter v. Carlisle, 206 Ala. 163, 90 So. 283 (1921).

■ Horace assigns error that the court erred in its oral charge to the jury. We find no evidence in the record of an exception to the court's oral charge. This court has stated that an exception is necessary for review of an oral charge. Solnick v. Ballard, 218 Ala. 206, 118 So. 381 (1928). We are therefore precluded from any review of the court's oral charge.

■ Horace argues at great length in assignments eight and nine the insufficiency of defendant's plea of contributory negligence. Horace did not test such plea by demurrer and any defects therein were therefore waived. Louisville & Nashville Railroad Co. v. Hurt, 101 Ala. 34, 13 So. 130 (1893).

Affirmed.

All the Justices concur except COLEMAN, J., not sitting.