FOSTER *vs.* KENNEDY'S ADM'R.

[ACTION BY PURCHASER, AGAINST VENDOR OF LAND, TO RECOVER DAMAGES FOR MISREPRESENTATIONS.]

1. *Measure of damages to purchaser for misrepresentation ; variance.*—In an action by the purchaser, to recover damages for a misrepresentation of the boundary lines by the vendor, in falsely stating that a mill

and mill-pond were included in the tract, the measure of damages which the plaintiff is entitled to recover, is the difference between the actual value of the land and its value on the supposition that the representation was true; but he cannot be allowed to prove what would have been the value of the land if the pond had been on a part of the tract different from that on which, according to the averments of the complaint, it was represented to be.

2. *What constitutes fraud by vendor.*—To constitute a fraud on the part of the vendor, in misrepresenting the location of the boundary lines of the land and the capacity and quality of mills situate on the lands, it is not necessary that the representations should be known by him to be false, nor that they should be made under circumstances manifesting a recklessness of truth on his part.

3. *Same.*—A representation by the vendor, as to the location of the boundary lines of the land, or as to the capacity and qualities of a mill situated thereon, cannot be declared, as matter of law, the statement of an opinion; but it is a question for the jury to decide, whether it is the statement of an opinion or a fact.

APPEAL from the Circuit Court of Randolph.
Tried before the Hon. JAMES B. MARTIN.

This action was brought by John A. H. Kennedy and Evaline E. Kennedy, his wife, (and revived, on the death of Mrs. Kennedy pending the suit, in the name of her administrator,) against Charles Foster, to recover damages for a deceit in the sale of a tract of land by said Foster to Mrs. Kennedy; and was commenced on the 6th January, 1859. The land was described in the complaint as "the south-west fourth of the north-west quarter of section five, and the south-east fourth and north-east fourth of the south-east quarter of section six, in township twenty, range ten east, in the Coosa land-district." The alleged misrepresentations were—1st, "that the said defendant pointed out to the said E. E. Kennedy that the north-west corner of the said south-west fourth of the north-west quarter was located on the west side of a certain creek running through said land, called 'Fox creek,' at a point and place then and there pointed out by said defendant, and that the northern and western boundaries of said south-west fourth of the north-west quarter, running from said corner then and there pointed out by the defendant, would

include a certain mill-pond, and the land on which the water of said pond was situated, and a certain shoal situated on said creek, and a large amount of valuable land, to-wit, twenty acres, more or less, all of which was then and there pointed out by the defendant;" 2d, that a certain grist-mill, situated on the land, "was built by order of the commissioners' court of the county, did a large business, and had a large patronage, and that there was but one other grist-mill within five miles of said mill;" and, 3d, that a certain saw-mill on the land "was sound and in good repair, and, by three days' work of a mechanic, could be made to cut eight hundred feet of lumber per day."

On the trial, as appears from the bill of exceptions, "the plaintiff introduced one Clifton as a witness, who testified, that, at a previous term of this court, the defendant Foster applied for a continuance of a certain cause therein pending against him, in favor of one Joshua Hightower, and stated, that he had purchased a tract of land on Fox creek, with a mill on it, that the lines had been misrepresented to him, that he had sold the land in the same way, and that he could prove it by an absent witness." The defendant objected to this evidence; the court overruled his objection, and he excepted.

The *defendant* (?) introduced one Berryhill as a witness, who was a mill-wright and machinist, and exhibited to him a diagram, made by the county surveyor, "of the east half of the south-east fourth of section six," township twenty, range ten, "which showed that two-thirds of said mill-pond was off the said tract of land." "Plaintiff asked said witness to look on said diagram, and to give his opinion as to the difference in value between the mill-shoal and water privileges on the tract, as shown by the diagram, and the value of the same if the north boundary of the tract crossed at the head of the pond; to which the witness answered, that the value of the land was less by three hundred dollars." The defendant objected to this evidence, and reserved an exception to the overruling of his objection.

The defendant asked the court to charge the jury—

"1. That fraud will not be implied from the falsity of a representation : that it is necessary to show that the representation was made by the vendor with a knowledge of its untruth, or under circumstances manifesting a recklessness of truth on his part, without knowing whether it was true or false.

"2. That the positive representations of the vendor, as to the boundaries of the land, or as to the qualities of the machinery, would be regarded by the law as an expression of his opinion or belief, unless it was intended and received as a stipulation that the boundaries of the land, or the qualities of the machinery, were such as they were represented to be."

The court refused these charges, and the defendant excepted to their refusal; and he now assigns as error the several rulings of the court on the evidence, and the refusal of the charges asked.

HEFLIN & FORNEY, for appellant.
J. FALKNER, contra.

A. J. WALKER, C. J.—1. The evidence of Clifton tended to show, that the defendant misrepresented the location of the lines of the land, and did so knowingly; and it requires no argument to prove that his evidence was admissible. But, under the averments of the complaint, the evidence of the witness Berryhill was not admissible. The alleged misrepresentation was, that the mill-pond and mill were on the south-west quarter of the north-west quarter of section five, township twenty, range ten; and Berryhill was allowed to testify, that if the entire pond had been included in the tract represented in the diagram, which was the east half (or the south-east and north-east quarters) of the south-east quarter of section six, in the same township and range, the land would have been worth more by three hundred dollars. The measure of damages for the falsity of the alleged representation, was the diminution of the value in consequence of the mill and pond not being on the

land on which it was represented to be. The inquiry must be as to the injury resulting from the fact that the representation was false.—*Gibson v. Marquis,* 29 Ala. 668; *Stow v. Bozeman, ib.* 397; *Ward v. Reynolds,* 32 Ala. 384. A comparison is to be made, between the actual value, and the value upon the supposition of a correspondence with the representation. The comparison which the witness was permitted to make, was between the actual value, and the value upon the supposition of the pond being upon one piece of land, when the representation alleged was that it was upon another tract. The testimony was, therefore, not admissible under the complaint, and the court erred in admitting it.

[2–3.] There was no error in the refusal of the charges asked by the defendant. Neither a knowledge of the falsity of a representation, nor the presence of circumstances manifesting a recklessness of truth, is an indispensable ingredient of a fraud. "A misrepresentation by the vendor of land, in regard to a material fact, which operated as an inducement to the purchase, upon which the vendee had a right to rely, and by which he was actually deceived and injured, is a fraud."—*Foster v. Gressett,* 29 Ala. 393; *Blackman v. Johnson,* 35 Ala. 252; *Kelly v. Allen,* 34 Ala. 663. The law does not pronounce representations as to the boundaries of land, or as to the qualities of machinery, to be expressions of opinion. They may be either statements of facts, or statements of opinion; and it is for the jury to decide whether they are one or the other.

The declarations of the defendant made to John A. H. Kennedy, the husband of the plaintiff's intestate, before the purchase, will probably hereafter be offered in connection with other facts, not stated in the bill of exceptions to have attended their offer on the previous trial. We therefore do not dee mit necessary to pass upon the admissibility of such evidence in this case. Besides, the question of admissibility may, perhaps, be changed by an amendment of the complaint.

Reversed and remanded.