244 So.2d 573

Clarence **PETTUS**

v.

Ron **SHAFER**, Ind., and d/b/a Ron Shafer Chevrolet Company, et al.

7 Div. 883.

Supreme Court of Alabama.

Feb. 11, 1971.

626

Gus W. Colvin, Jr., James S. Hubbard, Anniston, for appellant.

Miller & Hoffmann, Montgomery, Burnham, Klinefelter & Halsey, Anniston, for appellees.

MERRILL, Justice.

Appellant recovered a judgment for $15,000.00 as punitive damages against Ron Shafer, individually, and d/b/a Ron Shafer Chevrolet Company, and Terry McDonald, in connection with the sale of a pickup truck. The trial court granted a motion for a new trial conditioned upon plaintiff's remittance of all damages in excess of $1,093.00. Plaintiff declined and appealed from the order granting a new trial.

We do not propose to detail the evidence because we affirm the action of the trial court in granting the motion for a new trial, and we do not want to prejudice that trial.

It is sufficient to say that plaintiff bought a pickup truck and it proved to be, in the current vernacular, a "lemon." After several trips back to the dealer, appellant was told that they would try to straighten the frame and put the truck in proper shape. Appellant demanded either a new truck or his money back and later brought this suit.

The complaint, as amended, consisted of three counts which charged that the defendants, in the words of the trial court in its oral charge, "falsely misrepresented a truck to the plaintiff, and that upon this misrepresentation he acted, and as a result he was injured and suffered damages." Plaintiff also filed a third party complaint against General Motors Corporation, the manufacturer of the truck.

At the conclusion of the trial, the court gave the affirmative charge with hypothe-

sis at the request of General Motors and the jury found against the plaintiff on the third party complaint. The jury did render the following verdict in favor of plaintiff: "We, The Jury, Find for the Plaintiff and assesses his damages in the amount of $15,000.00 for punitive damages."

A motion for a new trial was heard and the trial court was "of the opinion that the judgment is excessive as there is no evidence of willful false misrepresentation on part of defendants, or actual intent to deceive the plaintiff. The Court further finds that any other grounds mentioned in said motion, if error, is error without injury to the defendants. It is, therefore, ordered, adjudged and decreed by the Court that the plaintiff shall file a remittance of all damages in excess of $1,093.00 within fifteen days of this order; and if he should so fail to do, that a new trial be ordered between the plaintiff, Clarence Pettus, and the defendants, Ron Shafer, individually and doing business as Ron Shafer Chevrolet Company, and Terry McDonald."

■ The assignments of error charge in different wording that the trial court erred in granting the motion for a new trial. Assignment 2 reads: "The Court erred in granting the motion of Appellees for a new trial, as contrary to the law in the case." This assignment of error is too general and will not be considered. It does not point out specifically wherein the judgment is contrary to law. Allred v. Dobbs, 280 Ala. 159, 190 So.2d 712; Danley v. Marshall Lumber and Mill Co., 277 Ala. 551, 173 So.2d 94.

But under remaining assignments of error, we do consider appellant's contention that, from the evidence, a jury question was presented as to whether the alleged misrepresentation was gross, oppressive or committed to deceive appellant.

Title 7, § 108, Code 1940, provides:

"Misrepresentations of a material fact, made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitute legal fraud."

In Maring-Crawford Motor Co. v. Smith, 285 Ala. 477, 233 So.2d 484, cited and relied on by appellant, this court said:

"However, it appears under our decisions that the innocence or willfulness of a party in making a misrepresentation goes to the matter of damages to be awarded, for in an action of deceit punitive damages may not be awarded unless the fraud is gross, oppressive, and committed with an intent to injure. Boriss v. Edwards, 262 Ala. 172, 77 So.2d 909. Whether such representation is gross, oppressive, or committed with an intent to deceive, is dependent upon the facts of a particular case.

\* \* \* \* \* \*

"While some jurisdictions have held that compensatory damages are essential to support an award of exemplary or punitive damages, it is the doctrine of our cases, as well as that of a substantial number of other states, that an award of nominal damages authorizes, in the discretion of the trier of fact, the award of punitive damages where legal malice, willfulness, and a reckless disregard accompanies the invasion of the rights of another. It would appear in such situations that 'nominal damages' are considered within the context of 'actual damages.' [Citations omitted]."

But in that case, the verdict was general —"We, the Jury, find in favor of the plaintiff and against the defendant and assess her damages at Fifteen Thousand ($15,000.00) Dollars." Here, the verdict is specific in that all the damages awarded are punitive damages.

Both parties to this appeal cite statements from Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24. Appellant relies on the first two sentences, appellees on the third:

"Punitive damages are not recoverable as a matter of right except as provided

**628**

by statute. Lehigh Portland Cement Co. v. Sharit, 234 Ala. 40, 173 So. 386.

"The imposition of such damages in cases of fraud and deceit is discretionary with the jury, acting with regard to the enormity of the wrong and the necessity of preventing a similar wrong. [Citations omitted].

\* \* \* \* \* \*

" \* \* \* The rule is that punitive damages may not be recovered in such an action (deceit) unless the fraud is gross, malicious, oppressive, *and is committed with an intention to so injure and defraud*. Southern Building & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367; Southern Building & Loan Ass'n v. Dinsmore, 225 Ala. 550, 144 So. 21; Boriss v. Edwards, 262 Ala. 172, 77 So. 2d 909. \* \* \*"

All three sentences are correct statements of the law, but the third is more comprehensive of the rule applicable here.

■ Neither the testimony in the record, nor that highlighted in appellees' brief is sufficient for us to fault the finding of the trial court that "there is no evidence of willful false misrepresentation on the part of the defendants, or actual intent to deceive the plaintiff."

In Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37, the judgment was for $8,000.00, including $2,200.00 actual damages and $5,800.00 punitive damages. This court stated that "conduct of defendant or its agent, as disclosed by the evidence, affords no inference of gross or malicious misrepresentation of a material fact," and ordered a remittitur of all the punitive damages awarded, or else the judgment would stand reversed. We stated that the general law on the subject of fraudulent misrepresentation is that "fraud being alleged, and established by the evidence, punitive damages may be recovered only if the fraud was malicious, oppressive, or gross, made with knowledge of its falseness, (or so recklessly made as to amount

to the same thing), and made with the purpose of injuring the plaintiff. \* \* \* If a fraud is not perpetrated grossly, maliciously, oppressively, and with an intent to deceive, the damages to be recovered are such as will compensate for actual damages received. Foster v. Kennedy's Adm'r, 38 Ala. 359; Berry v. Wooddy, 16 Ala.App. 348, 77 So. 942."

It is clear how the trial court arrived at the sum of $1,093.00, the amount to which the verdict was reduced. Appellant testified that the purchase price of the new truck was $2,093.00 and its value, for "the shape it was in," was only $1,000.00, a difference of $1,093.00.

We do not have the arguments of counsel before us, and punitive damages may have been mentioned in argument. But there is no mention of punitive damages in the trial court's instructions to the jury and, in effect, punitive damages were excluded from the jury's consideration by the following portion of the oral charge:

"Now, Ladies and Gentlemen of the Jury, after considering the evidence in this case, [if] you are satisfied that the plaintiff should have a verdict at your hands, the next question would be what damages can you award him. In this particular case, and under this evidence, I charge you that the measure of damage would be the difference in the value of the truck represented and the actual value of it in its alleged misrepresented state."

There was no objection to this portion of the charge, and all parties announced that they were satisfied with it.

■■ It is essential to orderly administration of the law that the jury obey the instructions the court gives it as the law, having application to the facts in evidence, or the reasonable inferences to be drawn therefrom; and a verdict rendered in disregard of such instructions, even though the instructions of the court be erroneous, is against the law of the case and, in a

proper case, should be set aside. Penticost v. Massey, 202 Ala. 681, 81 So. 637, and cases there cited. The usual method of setting the verdict aside is by granting a motion for a new trial. Penticost v. Massey, supra; Fleming & Hines v. Louisville & N. R. R. Co., 148 Ala. 527, 41 So. 683; 18A Ala.Dig., Trial ⊛337.

The jury disregarded the instructions quoted from the oral charge and we affirm the action of the trial court in granting the motion for a new trial, but we are not to be understood as holding that the trial court was authorized to require a remittitur of a verdict for "punitive damages," and award one for "compensatory damages" in this case.

Affirmed.

HEFLIN, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.