HOLMES, Judge
(dissenting).
I respectfully dissent.
The question of when punitive damages may be recovered in an action for fraud brought under § 6-5-101, Code of Ala.1975, has been before this court and the Alabama Supreme Court on numerous occasions.
After a thorough review of the appropriate cases, I find it advisable to dissent. In all candor there is support for the majority decision in Proctor, supra. However, I find what follows to be a more appropriate view of what the law dictates.
Section 6-5-101 provides:
Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.
It is clear that punitive damages may be awarded in cases where the misrepresentation was made willfully to deceive. Spar *408 tan Pools v. Royal, Ala., 386 So.2d 421 (1980). It is also clear that punitive damages may not be recovered where the misrepresentation was made innocently by mistake. Winn-Dixie Montgomery, Inc. v. Henderson, Ala., 353 So.2d 1380 (1977). Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970); Maring-Crawford Motor Co. v. Smith, 285 Ala. 477, 233 So.2d 484 (1970). However, there remains the question of whether punitive damages may be recovered when the action for fraud is based upon a misrepresentation of a material fact made “recklessly without knowledge.”
In Proctor, supra, at page 165, the supreme court stated that:
[I]n misrepresentation cases [punitive damages] are usually restricted to instances where there is not only a knowing misstatement, but where the fraud is also gross, oppressive, or aggravated.
The supreme court then went on to say, at page 166, that:
[I]n those cases essentially covered by section [6-5-101],
“punitive damages are only allowed where a material misrepresentation is made knowingly and falsely, was relied on by the injured party, and the fraud was gross, malicious, oppressive and committed with an intent to injure.”
See, United States Fidelity & Guaranty Co. v. McKinnon, Ala., 356 So.2d 600 (1978); Winn-Dixie Montgomery, Inc. v. Henderson, Ala., 371 So.2d 899 (1979).
The supreme court, however, has held that awards of punitive damages are not limited to cases where the misrepresentation was made knowingly and falsely and that punitive damages may be awarded where the misrepresentation was made “recklessly without knowledge.” Ex parte Smith, 412 So.2d 1218 (Ala.1981); International Resorts, Inc. v. Lambert, Ala., 350 So.2d 391 (1977); Mid-State Homes, Inc. v. Johnson, 294 Ala. 59, 311 So.2d 312 (1975).
In Big Three Motors, Inc. v. Smith, 412 So.2d 1219 (Ala.Civ.App.1980), reversed and remanded [Ex parte Smith, supra], this court attempted to follow the rule set forth in Proctor, supra, and Winn-Dixie Montgomery, Inc. v. Henderson, Ala., 371 So.2d 899 (1979), and held that punitive damages may not be recovered unless the defendant had actual knowledge of the falsity of the representation. The supreme court reversed, stating “the Court of Civil Appeals failed in its review to apply the correct principle of law to the evidence adduced” at trial. From this I can only conclude that actual knowledge of the falsity of the representation is not a requisite to recovery of punitive damages in cases involving reckless misrepresentations. The supreme court stated that its “opinion in Henderson was not intended to change the law of fraud by eliminating the possibility of a recovery based upon a heedless or reckless misrepresentation.” Ex parte Smith, supra.
In Shiloh Construction Co. v. Mercury Construction Corp., Ala., 392 So.2d 809, 814 (1980), the supreme court said that punitive damages may be recovered “where the fraud is malicious, oppressive, or gross and representations are made with knowledge of falsity, or so recklessly made as to amount to the same thing, or made with the purpose of injuring the other party.” (Emphasis supplied.) See, Spartan Pools v. Royal, supra; Pettus v. Shafer, 286 Ala. 625, 244 So.2d 573 (1971); Hall Motor Co. v. Furman, supra; Southern Building & Loan Ass’n v. Dinsmore, 225 Ala. 550, 144 So. 21 (1932); Caffey v. Alabama Machinery & Supply Co., 19 Ala.App. 189, 96 So. 454 (1922), cert. denied, 209 Ala. 466, 96 So. 459 (1923). It would appear that punitive damages may be recovered for a reckless misrepresentation where the fraud is malicious, oppressive, or gross and the misrepresentations are made so recklessly as to amount to knowledge of falsity, or are made with the purpose of injuring the other party.
Turning to the instant case, I find that I must dissent.
*409 The imposition of punitive damages in cases of fraud is discretionary with the jury, acting with regard to enormity of the wrong and the necessity of preventing similar wrongs. Shiloh Construction Co. v. Mercury Construction Corp., supra; Mid-State Homes, Inc. v. Johnson, supra; Loch Ridge Construction Co., Inc. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973). In other words, it is for the jury to determine whether the actions of the defendant are such as to require the imposition of punitive damages.
Further, a jury’s verdict is presumed to be correct and will not be reversed on appeal unless the preponderance of the evidence is against the verdict, after allowing all reasonable presumptions in favor of its correctness. Ford Motor Co. v. Tindol, Ala.Civ.App., 380 So.2d 904 (1980).
Viewing the record with the attendant presumptions, the following is found.
A 1969 and a 1972 Ford van are identical except for two digits in their serial numbers. A simple inspection of the vehicle’s serial number will not disclose the vehicle’s model year. A parts book must be consulted in order to make that determination.
There is evidence indicating that Tread-well was aware of those facts when it represented the vehicle as being a 1972 model. There is also evidence that Treadwell owned the requisite parts book and that it could have ascertained the true model year of the van with little difficulty. Instead, Treadwell chose to rely on the representative of Wepco and chose to repeat that representation to Lewis without first ascertaining its truth.
Stated differently, there is evidence from which the jury could reasonably conclude, and apparently did conclude, that Treadwell knew that the van might not be a 1972 model and that Treadwell, with the knowledge, went ahead and told Lewis that the van was a 1972 model. In short, the jury could conclude that Treadwell acted recklessly by representing the van to be a 1972 model and that the representation was made so recklessly as to amount to knowledge of its falsity.
Further, m light of the relative position of the parties, i.e., a knowledgeable car dealer on the one hand and a relatively unsophisticated buyer on the other; the ease with which Treadwell could have ascertained the true model year; and the apparent difference in value and utility between a 1969 and a 1972 van, the jury could reasonably conclude that Treadwell’s conduct was sufficiently malicious, oppressive or gross as to warrant the imposition of punitive damages.
It is for these reasons that I cannot concur in finding that “the record is devoid of any evidence which shows Treadwell acted so heedlessly or so recklessly as to authorize the award of punitive damages.” Such a finding is tantamount to holding that as a matter of law punitive damages cannot be recovered under the facts of this case and would, in effect, relieve a seller of the duty to ascertain the truth of his representations.
Punitive damages are for punishment and prevention.
“Courts award exemplary damages to discourage oppression, fraud, or malice by punishing the wrongdoer. * * * Such damages are appropriate in cases like the present one, where restitution would have little or no deterrent effect, for wrongdoers would run no risk of liability to their victims beyond that of returning what they wrongfully obtained. * * * ”
Mid-State Homes, Inc. v. Johnson, 294 Ala. at 66, 311 So.2d at 318.
For the reasons stated above, I would affirm the case.