BRADLEY, Presiding Judge.
After a jury trial defendant, John Christopher, was ordered to pay plaintiff, Ira Heimlich, $5,000 in damages for a faulty land survey.
John Christopher is a registered land surveyor. In 1978 Mr. Christopher performed a survey for a local attorney who was dividing a subdivision lot into halves for two purchasers. One of the purchasers was Ira Heimlich.
Following Mr. Heimlich’s purchase of the lot, he constructed a house on it. In 1986 Mr. Heimlich desired to sell his home, which necessitated his obtaining a second survey. The second survey did not agree with the survey performed by Mr. Christopher and indicated that Mr. Heimlich’s house was partially situated on the adjoining lot.
Upon Mr. Christopher’s advice, Mr. Heimlich attempted to obtain a quitclaim deed from his neighbor. The neighbor, however, refused to convey the property. Consequently, Mr. Heimlich purchased the strip of land at a cost of $2,300.
Mr. Heimlich then filed his complaint against Mr. Christopher, alleging breach of contract, negligence, and fraud. The fraud count alleged, in the alternative, intentional, reckless, or innocent misrepresentation. The court granted summary judgment in favor of Mr. Christopher on the contract and negligence claims, and the case was tried solely on the fraud count. Following the presentation of all the evidence in the case, Mr. Christopher’s motion for directed verdict as to the intentional and reckless misrepresentation counts was granted. The case was submitted to the jury on the innocent misrepresentation theory, and the jury found in favor of Mr. Heimlich and awarded him damages in the amount of $5,000. Mr. Christopher’s motion for new trial was denied.
The dispositive issue on appeal is whether the trial court improperly denied Mr. Christopher’s motion for new trial. We find that it did.
Although an innocent misrepresentation may constitute legal fraud, a plaintiff in such a case is entitled only to compensatory damages. Morgan v. South *467 Central Bell Telephone Co., 466 So.2d 107 (Ala.1985). Punitive damages are not allowed unless the fraud is shown to be intentional or reckless. Morgan.
The case was submitted to the jury solely on an innocent misrepresentation theory. Consequently, damages should have been limited to the amount actually suffered by Mr. Heimlich. Morgan. The judge’s oral charge to the jury did not authorize an award of punitive damages. It was, in pertinent part, as follows:
“If you’re reasonably satisfied by the evidence that the Defendant was guilty of a legal fraud as charged by the Plaintiff ... and that the Plaintiff was damaged thereby the Plaintiff would be entitled to recover for such actual damages as you find from the evidence he did suffer.”
The only evidence introduced concerning Mr. Heimlich’s damages was that he was required to purchase, at a cost of $2,300, the strip of land on which his house encroached. The jury, however, awarded damages in the amount of $5,000. In short, the jury disregarded the trial court’s instructions to limit damages to those actually suffered.
For the law to be orderly administered, the jury must obey the court’s instructions as to the law as well as its application to the facts as deduced from the evidence. Pettus v. Shafer, 286 Ala. 625, 244 So.2d 573 (1971). When a jury’s verdict disregards the court’s instructions, even if the court’s instructions were erroneous, the verdict “is against the law of the case and, in a proper case, should be set aside. The usual method of setting the verdict aside is by granting a motion for a new trial.” Pettus (citation omitted).
Accordingly, the judgment of the trial court denying Christopher’s motion for new trial is reversed and the cause is remanded.
REVERSED AND REMANDED.
HOLMES and INGRAM, JJ., concur.